## PATTERSON v. HOCHSTER.

(Supreme Court, Appellate Division, Second Department. March 7, 1899.)

1. DECLARATIONS—RES GESTÆ—EVIDENCE.
   In an action for injury sustained by falling into an open coal hole, the declaration of the injured person at the time that his leg was in the scuttle hole, and was broken, is admissible as res gestæ.

2. SAME—EFFECT—NEGLIGENCE.
   Without further evidence that the hole was uncovered, such declaration is insufficient to justify a finding that the defendant either left the hole open or insecurely covered.

Appeal from trial term, New York county.

Action by Bridget Patterson, as administratrix of the estate of Mary Flannery, deceased, against Albert Hochster. There was a judgment for defendant, and plaintiff appeals. Transferred from First to Second department. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Nelson Smith, for appellant.
Maurice Rapp, for respondent.

CULLEN, J. This action was brought for damages for the death of the plaintiff's intestate, resulting from an injury which is alleged to have been caused by her falling into a coal hole in the sidewalk in front of the defendant's premises. The complaint charges that the defendant maintained the coal hole open and not securely covered, and that, in consequence thereof, the plaintiff's intestate, without any fault on her part, fell into the same. The defendant answered, admitting the ownership of the premises and of the coal chute in front of the same, but denied that the coal hole was open or insecurely covered. The only evidence given on the trial as to the details of the accident was by the witness Mrs. Delaney, who was a tenant on the premises. On the occasion of the accident, the deceased came to

visit the witness. About dusk the deceased left the house, the witness accompanying her to the sidewalk. From this point the testimony is:

"That moment I turned around my back from her, and the first thing she screamed. She said, 'My God!' I rushed out, and put my hands under her head,—under her neck. She said, 'Never mind my head; my leg is in the scuttle hole, and it is broke.' · It all happened in less than two or three minutes. Then a couple of young men passed by, and I asked them to give me a hand. These two young men came, and helped me to carry her in, took her in, and laid her on my bed."

The deceased was soon thereafter moved to a hospital, and died about three weeks subsequent to the injury. No testimony was given to show that the coal hole was either uncovered at the time, or that the cover was not securely fastened; and no evidence other than the declaration of the deceased that her leg had gone down or was in the hole. Mrs. Delaney testifies that she did not look at the hole at the time of the accident. The evidence tends to show that the coal hole, except when used, was kept covered.

From this narration of the evidence it appears that the sole question in the case is whether the declaration of the deceased was sufficient to justify the jury in finding that the coal hole was either open or insecurely covered at the time of the accident; for this was the only charge of negligence made against the defendant. We are of opinion that the declaration of the deceased was admissible in evidence as part of the res gestæ, within even the most restrictive authorities. It was descriptive of her condition and situation at the very time she made the statement, and therefore contemporaneous. In this respect it is a stronger case than that of Com. v. Hackett, 2 Allen, 136, where the declaration was made after the fatal wound was inflicted, and when the defendant was absent. The Hackett Case is cited with approval in Waldele v. Railroad Co., 95 N. Y. 274. But, though the declaration of the deceased was competent evidence, the question still remains whether it alone was sufficient to authorize the jury in finding the fact that the leg of the deceased had fallen through the opening of the coal hole; for I am frank to say that, if the evidence was sufficient to authorize a finding of this fact, then it authorized the submission of the question of the defendant's negligence to the jury, because in such case it seems clear (or at least the jury might so find) that, if the hole had been securely covered, the plaintiff would not have fallen in it.

The admissions of declarations as part of the res gestæ, and the effect of such evidence, have been the subject of much conflict among the courts and among text writers. Insurance Co. v. Mosley, 8 Wall. 397, would sustain a recovery for the plaintiff based on the declaration of her intestate alone. Railway Co. v. Buck, 116 Ind. 566, 19 N. E. 453, and Railroad Co. v. Lyons, 129 Pa. St. 113, 18 Atl. 759, are to the same effect. But these cases are not authority in this state, and the court of appeals, in the Waldele Case, supra, has expressly repudiated the doctrine of the Mosley Case. The elaborate opinion delivered by Judge Earl in the Waldele Case manifests the tendency of the courts of this state to restrict the admissions of dec-

larations as part of the res gestæ within narrow limits, and receive them only where their admission can be justified on principle. Declarations admitted as part of the res gestæ may be divided into three classes. The first is where they constitute a part of the transaction itself which is sought to be proved. The second is where they tend to qualify, explain, or characterize the acts which they accompany. The third is where the declarations are made at the time of the transaction, but relate solely to the acts and conduct of others. The text-books and decided cases justify the admission of all these declarations on the same ground, as being part of the res gestæ. But it is apparent that, logically and on principle, the admission of declarations of the third class must stand on a different ground from that which supports the admission of the two other classes. If a man being wounded calls out, "John has stabbed me!" the declaration in no way qualifies or explains the act of the person who stabbed him. In reality, testimony to the declaration is pure hearsay, and is admissible in evidence only upon the great improbability that the spontaneous utterance of the instant should be false. However, such declarations being received in evidence as part of the res gestæ, they must be subject to the same rule as applies to other declarations forming part of the res gestæ.

In Lund v. Inhabitants of Tyngsborough, 9 Cush. 36, it is said in reference to these declarations:

"Such a declaration derives credit and importance as forming a part of the transaction itself, and is included in the surrounding circumstances which may always be given in evidence to the jury with the principal fact. There must be a main or principal fact or transaction; and only such declarations are admissible as grow out of the principal transaction, illustrate its character, are contemporary with it, and derive some degree of credit from it."

All the text-books and authorities (except those cases already referred to which the court of appeals refused to follow) assume, if they do not necessarily decide, that there must be a principal fact established by other evidence before declarations can become competent as part of the res gestæ. I have not been able to find a case (with the exceptions noted) where the principal fact has not been proved by direct evidence. In the present case, in one sense it may be said that the principal fact or res was the accident to the plaintiff; but this view is erroneous. The question in the case is the liability of the defendant; and in reference to such liability the principal fact or res is whether the defendant left the coal hole open or improperly covered. We concede that, if it was proved by other evidence that the coal hole at the time was open, then the declaration of the plaintiff that her leg was in it would be sufficient to carry the case to the jury, even if none of those present were able to see that the leg was actually in the hole. But the deceased herself may at the time have been mistaken as to what really caused her to fall. We think it would be dangerous to allow her declaration to prove a fact which, if it existed, would be in the observation of all other persons present, and to which no witness is called to testify.

The judgment appealed from should be affirmed, with costs. All concur.