## PENNSYLVANIA R. CO. v. THOMAS LYONS.

ERROR TO THE COURT OF COMMON PLEAS NO. 1 OF PHILADELPHIA COUNTY.

Argued January 18, 1889—Decided November 11, 1889.

[To be reported.]

1. In an action against a railroad company for injuries sustained by a passenger while alighting from a train, declarations of the plaintiff as to the cause of his injuries, made immediately after the train had passed and while he still lay upon the platform where he fell, are admissible as part of the res gestæ.

(*a*) In such an action, the defendant requested the court to charge that if the jury believed that the train had stopped at the station a sufficient time for the plaintiff to leave the car, and that he did not, but jumped from the train while it was moving, he was guilty of contributory negligence and could not recover:

2. An answer to the foregoing which did not in terms affirm or refuse the point, but substantially denied any effect to a finding by the jury that the train had stopped at the station a sufficient time for the plaintiff to leave the car, and that he jumped from it after it had started, was error.

3. When the train, after a stop, was moving when the plaintiff left it, and the testimony on the one side and on the other as to the time of the stop was conflicting, what was a proper and reasonable time was for the jury under all the circumstances of the case as shown by the evidence.

4. To the rule that it is negligence in a passenger to jump from a moving train, there are exceptions; and when the passenger is put in peril by the default or negligence of the company's employees, or leaves the train when in motion, by their direction, the question of contributory negligence is to be submitted to the jury.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WIL-
LIAMS, McCOLLUM and MITCHELL, JJ.

No. 91 July Term 1889, Sup. Ct.; court below, No. 644 Sep-
tember Term 1886, C. P. No. 1.

On October 20, 1886, Thomas Lyons brought case against
the Pennsylvania R. Co. to recover damages for injuries re-
ceived through the alleged negligence of the company defend-
ant. Issue.

At the trial on October 6, 1887, the plaintiff introduced evi-
dence to show that on the evening of April 6, 1886, in the com-
pany of two friends, Dooley and Henzey, he was a passenger
on a train of the company from Philadelphia to Haverford
College station; that upon hearing the station called by a train-
man, he and his friends arose from their seats and went to
the door of the car; that as the train stopped they opened
the door and went out upon the platform of the car; that
Dooley passed out first, Henzey next, and the plaintiff followed,
carrying a demijohn under one arm and packages of clothing
under the other; that Dooley and Henzey immediately stepped
off the car as it stopped about two feet distant from the baggage-
stand of the station, which was a raised portion of the station
platform about five and a half feet high and about twelve feet
long, running parallel with the tracks and about one foot dis-
tant from a car standing upon them; that the car did not stop
for more than ten or twelve seconds, and it was started just as
Henzey stepped off it, but that Lyons was unable to get off,
the car by that time moving past the baggage-stand.   Lyons
testified that when in the act of stepping off, he was turned back-
wards and dragged alongside the car between it and the baggage-
stand to a point beyond it, and was there thrown by the motion
of the train upon the platform of the station, receiving severe
injuries.   Henzey described the accident as follows:

"Dooley first stepped off the car on to the platform, and I next
to him.   When I got off, I wheeled around and saw Lyons step-
ping down with one foot on the lower step.   It was in motion,
moving slowly.   Lyons was about getting his last foot off the
step.   He had the demijohn and the packages in his hand and
under his arm.   He was holding on with the other hand.   He
was too near to the baggage-stand to get off, and was too far over

to get back again on the steps of the car. He was overbalanced. I looked at him and said, 'Hold on!' And he hallooed out, 'Hold on, boys!' three or four times. It was as if he was screeching. The train passed on and I didn't see him any more until the train had passed the stand."

Dooley testified that he opened the door and got on the platform, and Henzey stepped off: "He was next to me, behind. As he stepped the train just moved, and the plaintiff was on the lower step, and hadn't time to step off for the baggage-stand; that is, the baggage-stand at that time was in his way, so that he could not step upon the platform." The witness was then asked:

Q. What did Lyons say when you got to him, when you found him lying on the platform?

Objected to: Objection overruled; exception.[1]

A. He said he was hurt bad. Q. Badly hurt? A. Yes, sir; badly hurt. Q. What else did he say at that time? A. That is all I seen. He was badly hurt, and we carried him into the station. Q. Was anything said by him at that time with regard to how he was caught, or what sort of a chance was given him to get off? A. Yes, sir. Q. I mean when you got to him and he said, "I am badly hurt," did he say anything explaining it at that time? A. Yes, sir; he said that he got no chance to get off, and that his foot was caught against the steps.

The defendant's testimony was to the effect that when the train approached the station, the conductor called the station through the rear door of the car where the plaintiff and his friends were; saw them arise and go towards the front of the car, and after helping several passengers off, some of whom were ladies, he got upon the platform of his car, saw that these men had left the car, and, supposing them to have gotten off, as they had had ample time to do, he gave the signal to start the train; that the baggage-agent at the station was standing on the baggage-stand, and saw the plaintiff and his friends on the platform of the car; Dooley and Henzey passed around the plaintiff and got off; the plaintiff then started down the steps, the train having already commenced to move; he called to him not to jump off; the plaintiff then remained upon the lower step of the car until it had passed the baggage-stand, when he voluntarily jumped from the car and was injured. There was

also testimony that the train had stopped at the station about three quarters of a minute, or a minute.

The court, ALLISON, P. J., submitted to the jury the questions involved, with a full review of the testimony, and answered the points presented by the defendant company as follows :

1. Where a railway train does not stop at a station to which it has agreed to carry a passenger, or does not stop a sufficient time to allow him to alight, it is the duty of the passenger to remain upon the train, and not to attempt to jump off; therefore, even if the train in this case did not stop a sufficient time to allow the plaintiff to leave it, yet he should not have jumped off after it started, and his doing so was such contributory negligence upon his part as will prevent a recovery in this case.

Answer : My answer to that proposition is, that, as a general rule, if a passenger is about to be carried beyond a point at which he was entitled to get off the train by reason of the train not stopping, or if the train starts before he has a reasonable time to get off the train, to jump off that train when it has attained any considerable speed or momentum, is an act of carelessness per se which would defeat any man's right of action, to show that after the train had got under headway, and was going at any considerable rate of speed, he undertook to jump off from the platform. I do not affirm this proposition in the breadth in which it is put to me. I do not say that when a train is just beginning to move, when it is in motion but just starting, if slightly, a passenger would be guilty of contributory negligence by stepping off, under such circumstances as that ; but if a train is in motion, under headway, and a passenger attempts to jump off, it is contributory negligence which would defeat his right of recovery.[2]

2. If the jury believe that the train had stopped a sufficient time for the plaintiff to leave it, upon the platform where passengers leaving the defendant's cars usually land, and then started upon its course, and that the plaintiff then jumped from the platform or steps of the car, he was guilty of contributory negligence, and cannot recover.

Answer : I say to you upon this point, in connection with the other point, that in every case it must be left to the jury

to say whether under the circumstances of the case, as it is presented to them, the plaintiff is guilty of contributory negligence. In cases like the one before us, such as referred to in the point here, it is for the jury to say whether under the circumstances the plaintiff was guilty of contributory negligence in stepping off the car when it was in motion. My own view of it is that it depends altogether on the speed or rate of motion that the train is under, at the time a passenger attempts to step off. I do not say, if a train has just begun to move, that it is contributory negligence to step off a car; but in all cases it must be left for the jury to say, according to the proof as to how the train was moving at the time the passenger attempts to jump off,—the jury are to determine whether it was contributory negligence in him to get off under the circumstances of that special case.[3]

Now, these points, the first particularly, assume the fact that the plaintiff jumped off the car. That is a fact which the jury must determine under the evidence. You must recollect the plaintiff's testimony, that is, that he did not jump off the car; while the testimony of the baggage agent is, that he did jump off, and jumped off backwards. That leaves it as a question of fact for the jury to determine; whether the plaintiff did actually jump off or not. If they find that he did not jump off, then these points have no application to the case. If they find that he did jump off, then with the qualification which I have given in my answers, the jury will be governed accordingly.

3. The evidence shows that the plaintiff was guilty of such contributory negligence as will prevent his recovery in this action, and the verdict must be for the defendant.

Answer: Refused.[4]

4. There is no evidence of negligence upon the part of the defendant, and the verdict must therefore be for the defendant.

Answer: Refused.[5]

5. Under all the evidence in the case the verdict must be for the defendant.

Answer: Refused.[6]

The jury returned a verdict for the plaintiff for $2,000. Judgment having been entered, the defendant company took this writ, assigning as error:

1. The admission of the plaintiff's offer.[1]

2-6. The answers to the defendant's points.[2 to 6]

*Mr. Geo. Tucker Bispham* (with him *Mr. Jno. Hampton Barnes*), for the plaintiff in error:

1. The evidence covered by the first assignment of error was improperly admitted as part of the res gestæ, for the reason that it was merely narrative of a past transaction: Ogden v. Penna. R. Co., 44 Leg. Int. 133.

2. There was not sufficient evidence of negligence in the company to submit the case to the jury: McClintock v. Penna. R. Co., 21 W. N. 133; Strouse v. Railroad Co. (Mo.), 6 A. & E. Ry. C. 311; Central R. Co. v. Slatton, 54 Ill.——; Railroad Co. v. Statham, 42 Miss. 607.

3. It is difficult to see why the learned judge did not affirm the defendant's second point absolutely and without qualification. Not so to affirm it surely was error. The point took nothing from the jury in the way of ascertaining facts. On the contrary it left the facts to the jury. And there were no exceptional circumstances in the case, which would enable the plaintiff to claim the benefit of the exception to the rule that it is negligence per se to jump from a moving train: Burrows v. Erie R. Co., 63 N. Y. 556.

*Mr. W. Henry Sutton*, for the defendant in error:

1. It is submitted that this case comes under the rule that, under special circumstances, it may not be negligence for a person to step from a moving train: Penna. R. Co. v. Peters, 116 Pa. 206; Johnson v. West Chester etc. R. Co., 70 Pa. 358.

2. The declarations of the plaintiff were properly admitted as part of res gestæ: 1 Greenl. Ev., § 109; Elkins v. McKean, 79 Pa. 493; Tompkins v. Saltmarsh, 14 S. & R. 275; Deardorf v. Hildebrand, 2 R. 226; Cattison v. Cattison, 22 Pa. 275; Hanover R. Co. v. Coyle, 55 Pa. 402. In the case of Ogden v. Railroad Co., the person had been moved from the place of the injury before making the declaration.

OPINION, MR. JUSTICE McCOLLUM:

The plaintiff below was a passenger on a train of the Pennsylvania Railroad Company, from Philadelphia to Haverford

College station, on the evening of April 6, 1886. In alighting from the car at the latter place, he fell upon the platform of the station and was injured. Alleging that the injury he received was caused by the unassisted negligence of the company, he brought this action to recover compensation for it. His claim is that the train did not stop long enough to allow him to get off the car safely.

It was the duty of the company to give him a reasonable time to leave the train at the place of his destination, and it was his duty to use reasonable diligence and care in getting off there. It clearly appears that the train was moving when he left it, but whether he fell or voluntarily jumped from it is not clear, because the evidence on this point is conflicting.

As the alleged failure of the company to stop its train long enough to enable the plaintiff to leave it in safety constitutes the negligence complained of, it follows that if the company was not in default in this particular, it is not liable to the plaintiff for the injury he received. The testimony on the part of the plaintiff is, that the train stopped from ten to twenty seconds; on the part of the defendant, that it stopped a minute, and that from ten to fifteen passengers, mostly ladies, got off the train, and one or two passengers got on it, while it was at rest. It is contended that upon this evidence the court should have directed a verdict for the defendant upon the ground that no negligence was shown, and the court's refusal to do so constitutes the fifth specification of error. We have no hesitation in deciding that this refusal was right, and that it was for the jury to determine upon the whole evidence whether the train stopped a reasonable and proper time to allow its passengers to alight safely. What is a reasonable time depends on the circumstances of the case as developed by the proofs.

It is further contended that if the defendant company failed to afford the plaintiff a reasonable time to leave the car safely, he was guilty of contributory negligence in getting off while it was moving.

It is admitted that the plaintiff got off the car while it was running upon the track, and the general rule that it is negligence in a passenger to jump from a moving train, is not seriously questioned. But to this general rule there are ex-

ceptions. When the passenger is placed in peril by the default or negligence of the company, or when he leaves the train while it is in motion, by direction of the company's agents, it is for the jury to say, upon the evidence, whether the act was negligent or not. In such cases all the circumstances, including the speed of the train at the time of leaving it, must be considered: Penna. R. Co. v. Kilgore, 32 Pa. 292; Penna. R. Co. v. Peters, 116 Pa. 206; Canal Co. v. Webster, 18 W. N. 339; Johnson v. Railroad Co., 70 Pa. 357. In view of the evidence in the case and the principles already stated, the denial of the defendant's first, third, and fifth points was proper, and the specifications founded on such denial are dismissed.

The answer to the defendant's second point was erroneous and misleading. It did not, in terms, affirm or refuse the point, but it substantially denied any effect to a finding by the jury that the train stopped a sufficient time for the plaintiff to leave it, and that he jumped from it after it had started upon its course; and it declared that in all cases it was for the jury to determine whether it was negligence in a passenger to jump from a moving train, and that this depended altogether upon the speed of the train when he jumped from it. We cannot accept this as a correct statement of the law on the subject to which it relates. If a passenger, in alighting from a railway car, receives an injury, which he alleges was caused by the neglect of the company to stop its train long enough to enable him to leave it safely, he must prove such neglect to the satisfaction of the jury or fail in his action. When, therefore, it is found that sufficient time was given him to get off in safety; that he did not do so, but remained on the train until it had started upon its course, and then jumped from it and was injured, a clear case of injury arising from his own negligence is presented and he cannot recover. In the present case, as we have seen, it was for the jury to determine whether a sufficient time was allowed the plaintiff to alight from the car before it started on its course, and this involved a consideration of all the circumstances of the case; but if it was ascertained that sufficient time had been given for that purpose, that he did not use it, but remained upon the car until it was in motion, and then jumped from it and was injured, the jury should have been instructed that his own negligence caused

the injury and prevented a recovery. This was the instruction the defendant's second point sought but failed to obtain. A sufficient time in such cases means time to alight safely in the use of reasonable diligence and care, and has regard to all the circumstances which affect the act of getting off a train. The third specification of error is sustained.

We cannot say that it was error to receive the declaration made by the plaintiff immediately after the train passed, and while he lay on the platform where he fell. It was, under the authorities, a part of the res gestæ: Tompkins v. Saltmarsh, 14 S. & R. 275; Elkins v. McKean, 79 Pa. 493. It differs from the declaration which was rejected in Ogden v. Railroad Co., as that was made after the removal of the injured party from the place where he was found; in this case, it was made while the party was lying where he fell and an instant after his fall. The first specification of error is not sustained.

Judgment reversed, and venire facias de novo awarded.