### MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS v. HOMER WILLIAMS.

Decided April 4, 1908.

**1.—Railroads—Licensee on Track—Pleading.**

In a suit for personal injuries caused by being struck by a train while plaintiff was walking on a railroad track, pleading considered, and held not subject to demurrer on the ground that the allegations were not sufficiently full.

**2.—Railroad Track—Trespasser or Licensee—Evidence.**

The issue being whether plaintiff, in a suit for personal injuries, was a trespasser or licensee while walking upon defendant's track, testimony and photographs relating to the use of said track by pedestrians, considered, and held admissible.

**3.—Same.**

When the track of a railroad company has been commonly and habitually used for a long time by the public as a footpath, with the knowledge and acquiescence or by the permission of the company, it is considered as having licensed the public to use such portion of its track for that purpose.

**4.—Same—Duty to Licensee.**

It is the duty of a railroad company to keep a lookout for licensees upon its track and to exercise reasonable care to avoid injuring them.

**5.—Personal Injury—Statement of Injured Party.**

Where, in a suit for personal injuries, a witness for the defendant had testified to statements made to him by the plaintiff upon a material issue, it was proper to permit the plaintiff to testify to and explain the circumstances under which the statements were made.

**6.—Railroad Track—Thoroughfare—Speed of Train.**

Where a railroad track is commonly used by the public as a pathway, the speed at which a train is run over the same may raise an issue of negligence.

**7.—Personal Injury—Statement of Injured Party—Res Gestae.**

The statement of an injured party as to how he came to be hurt, made in ten or twelve minutes after the accident, to the first person who reached him and asked about the matter, and while the injured party was in such state of mind that he hardly knew what he was doing, is admissible as a part of the *res gestae.*

Appeal from the District Court of Hunt County. Tried below before the Hon. T. D. Montrose.

*Coke, Miller & Coke* and *Jno. T. Craddock,* for appellant.—The court erred in overruling defendant's general and special exceptions to plaintiff's petition. Missouri, K. & T. Ry. Co. v. Cowles, 29 Texas Civ. App., 156; Kelley v. Michigan Cent. Ry. Co., (Mich.), 31 N. W., 906 (8 Am. St. Rep., 876); Cleveland, T. & V. Ry. v. Marsh (Ohio), 58 N. E., 821; Harty v. Co., 42 N. Y., 469; Shearman & Redfield on Neg., secs. 5-8-25; Elliott R. R., sec. 1248; Texas & P. Ry. Co. v. Breadow, 90 Texas, 26; Texas & P. Ry. Co. v. Staggs, 90 Texas, 458.

The court erred in admitting in evidence over defendant's objections the testimony of Fred Rowlett to the effect that Homer Williams, the appellee, told the witness (Rowlett) relative to how he came to get hurt, that he, Williams, was picking berries on the south side of the track and saw the train coming and to avoid the dust and cinders from the train decided to go over on the north side of the track, and in some way slipped and fell down and the train ran over him before he could get off the track. Because the said testimony of the witness was not part of the res gestae, and was self serving. International & G. N. R. R. Co. v. Anderson, 82 Texas, 516; Texas & N. O. Ry. Co. v. Crowder, 70 Texas, 222; Pilkinton v. Gulf, C. & S. F. Ry. Co., 70 Texas, 226; Missouri, K. & T. Ry. Co. v. Tarwater, 33 Texas Civ. App., 116.

The court erred in admitting in evidence over the defendant's objections the testimony of the plaintiff, Homer Williams, to the effect that he told T. T. Herndon, the defendant's claim agent, three or four days after the accident, referring to the distance the train was from him at the time he fell down, that he did not know how far it was; that Herndon asked him to put some distance down, and that he, plaintiff, told him at least fifty yards; because the same was self serving and hearsay, and was no part of the res gestae. International & G. N. R. R. Co. v. Anderson, 82 Texas, 516; Texas & N. O. Ry. Co. v. Crowder, 70 Texas, 222; Pilkinton v. Gulf, C. & S. F. Ry. Co., 70 Texas, 226; Missouri, K. & T. Ry. Co. v. Tarwater, 33 Texas Civ. App., 116.

The charge, in requiring of the appellant's servants the duty of keeping a lookout for the appellee and to have exercised ordinary care to discover him fallen on the track in time to have stopped the train before reaching him and in directing a finding for the appellee if the said servants failed to keep such outlook and failed to discover appellee on the track (if such failure was negligence and caused the injuries), is erroneous and placed upon the appellant a greater duty than is or was imposed upon it by the law. Under the pleadings and the evidence no more was required of the appellant than the use of ordinary care to have avoided the injuries after the peril of appellee, if he was in peril, was discovered. Missouri, K. & T. Ry. Co. v. Cowles, 29 Texas Civ. App., 156; Smith v. I. & G. N. R. R. Co., 78 S. W., 556; Over v. M., K. & T. Ry. Co., 73 S W., 535; Texas & N. O. Ry. Co. v. McDonald, 88 S. W., 201-3; Texas & P. Ry. Co. v. Breadow, 90 Texas, 26; Texas & P. Ry. Co. v. Staggs, 90 Texas, 458; Wilmurth v. I. C. Ry. Co., (Ky.), 76 S.

W., 193; Ayers v. Wabash R. R. Co., (Mo.), 88 S. W., 608; Cleveland T. & V. Ry. Co. v. Marsh, 63 Ohio St., 236, (52 L. R. A., 142).

*B. Q. Evans,* for appellee.—Where the track or grounds of a railway are used by pedestrians as a pass-way for a considerable length of time without objection on the part of the railway company, or with a tacit acquiescence on the part of the company, a pedestrian walking along such grounds or along such track becomes a licensee in such a sense that he is not to be considered as a mere trespasser, acting at his peril. But that it becomes the duty of the company operating its train at such places to use increased prudence and caution in proportion to the danger to such person by maintaining a lookout upon its engines and trains, and by giving audible signals on approaching such places, such as would be required on approaching a public crossing. Texas & Pac. Ry. Co. v. Watkins, 88 Texas, 20; Hutchens v. St. Louis S. W. Ry. Co., 40 Texas Civ. App., 245; Gulf, C. & S. F. Ry. Co. v. Matthews, 99 Texas, 160; St. Louis, S. W. Ry. Co. v. Shiflet, 98 Texas, 326; Washington v. Missouri, K. & T. Ry. Co., 90 Texas, 314; McCray v. Galveston, H. & S. A. Ry. Co., 89 Texas, 168; Lee v. International & G. N. Ry. Co., 89 Texas, 583; Gulf, C. & S. F. Ry. Co. v. Matthews, 13 Texas Ct. Rep., 949; St. Louis & Texas Ry. Co. v. Crosnoe, 72 Texas, 79; 2 Thos. Neg., sec. 1725; Thomas v. Chicago, M. & St. P. Ry. Co., 103 Iowa, 649, (s. c., 72 N. W., 783, 399)); Wabash Ry. Co. v. Jones, 53 Illinois App., 125.

If a man goes upon a railroad track at a time or place when no danger is nigh, and whilst there, by some accident or providential cause, becomes insensible and so remains till the train comes, although he goes upon the track wrongfully, if the engineer on the approaching train keeps that lookout which is required of him at all times, not only to secure the safety of the train, but to avoid injury to any animal or person on the track, this person lying in open view, must be discovered. Not to discover him is negligence, and such negligence is the proximate cause of the injury; whilst the negligence on his part in going upon the track is only a remote cause. Houston & T. C. Ry. Co. v. Sympkins, 54 Texas, 615; St. Louis, S. W. Ry. Co. v. Shifflet, 98 Texas, 326; Texas & Pac. Ry. Co. v. O'Donnell, 58 Texas, 42; International & G. N. Ry. Co. v. Ormond, 64 Texas, 485; Artusy v. Missouri Pac. Ry. Co., 73 Texas, 191; International & G. N. Ry. Co. v. McDonald, 75 Texas, 41; Texas & Pac. Ry. Co. v. Watkins, 88 Texas, 20; San Antonio & A. P. Ry. Co. v. Vaughn, 5 Texas Civ. App., 195; Shifflet v. St. Louis S. W. Ry., 18 Texas Civ. App., 57; Galveston City Ry. Co. v. Hewitt, 67 Texas, 479.

The court did not err in admitting the testimony of Fred Rowlett, as complained of, because the same was part of the res gestae. International & G. N. Ry. Co. v. Anderson, 82 Texas, 517; City of Austin v. Nuchols, 42 Texas Civ. App., 5; Missouri, K. & T. Ry. Co. v. Vance, 41 S. W., 169; Kenney v. State, 79 S. W., 817, and authorities there cited.

RAINEY, CHIEF JUSTICE.—This suit was brought by Homer Williams by next friend to recover against the railway company damages for personal injuries received by him through the negligence of the servants of the railway company. The defendant answered by general and special demurrers, general denial, and specially that plaintiff was a trespasser, and contributory negligence. A trial resulted in a verdict and judgment in favor of plaintiff for $6,000. Defendant appeals.

The appellant's assignments of error one to seven, inclusive, complain of the court's action in overruling the general and special demurrers. The petition, in effect, alleges that plaintiff and a companion were traveling afoot, about two and one-half miles east of Greenville, on appellant's railroad track leading from Greenville to Cumby. That said track at the point of accident and for a distance of five miles, was commonly and habitually used by the public as a foot-way and had been for many years prior thereto. That plaintiff and companion stepped from between the rails some feet to pick dew-berries growing beside the track on the road-bed, when they saw a train some distance coming toward them, and to escape the smoke and cinders that would have blown toward them had they remained on that side, they concluded to cross to the other side of the track and continue their journey when the train had passed, but in crossing over plaintiff's foot caught on something which caused him to fall across the track, which fall rendered him unconscious and he did not recover consciousness until the train struck him and ran over his leg, which was so injured that it had to be amputated. The knowledge by appellant of the use of its road-bed and track made by the public, and the negligence of the train crew were all duly alleged. The allegations of the petition were sufficiently full and were not subject to the general or special demurrers. The evidence fully substantiated the material allegations of the petition.

The ninth, tenth and eleventh assignments of error are grouped and complain of the admission, over objection, of the testimony of plaintiff and other witnesses, and photographs "relating to the use of the railroad track as a road-bed by the public as pedestrians in going upon and in walking along the same to and from Greenville and elsewhere, and to the defendant's knowledge and means of knowledge of such use thereof by pedestrians." The proposition by counsel is, in effect, that plaintiff having left the track to pick berries for some five minutes, he was a trespasser in attempting to cross the track ahead of an approaching train, and all evidence showing the use of the track by pedestrians was immaterial, irrelevant and incompetent to prove negligence of the defendant, as no duty of a reasonable lookout was incumbent upon the operatives of the train.

There was no error in admitting said testimony. The evidence was pertinent in showing whether or not the track was constantly used by the public, etc., from which to determine whether the plaintiff was a mere trespasser or a licensee. Whether one or the other, was a question for the jury under the evidence. When all the facts are considered we think the jury rightfully determined that plaintiff was not a mere trespasser, but a licensee. The evidence shows

that the part of appellant's railway track where the accident occurred, was commonly and habitually used by the public as a footpath and had been so used for a long time, with the knowledge and acquiescence of the appellant.

In Gulf, C. & S. F. Ry. Co. v. Matthews, 99 Texas, 160, a case involving this question, our Supreme Court, speaking through Mr. Justice Brown, used the following language, which is applicable here, to wit: "It is well settled by the decisions of this Court and by the decisions of courts of other States that if a portion of a road-bed of a railroad company has been commonly and habitually used for a long time by the public as foot-path, with the knowledge and acquiescence or by the permission of the company, it is considered as having licensed the public to use such portion of its roadbed for that purpose. The evidence in this case would justify a jury in finding that the railroad company had knowingly permitted the public to use its roadbed at the place of the accident for a number of years, and, under such facts, Matthews would be considered a licensee; that is, he would not be held to be a trespasser in the sense that his act of walking upon the roadbed would, *per se,* constitute negligence that would defeat a recovery for his death by his wife and children."

The plaintiff being a licensee it was the duty of appellant's servants to keep a lookout for persons on the track and exercise reasonable care not to injure any one that might be thereon. Houston & T. C. Ry. Co. v. Sympkins, 54 Texas, 615; Galveston City Ry. Co. v. Hewitt, 67 Texas, 479; Texas & Pac. Ry. Co. v. Watkins, 88 Texas, 20.

The tenth assignment of error is: "The court erred in admitting in evidence, over the defendant's objections, the testimony of the plaintiff, Homer Williams, to the effect that he told T. T. Herndon, the defendant's claim agent, three or four days after the accident, referring to the distance the train was from him at the time he fell down, that he did not know how far it was; that Herndon asked him to put some distance down, and that he, plaintiff, told him at least fifty yards; because the same was self-serving and hearsay, and was no part of the *res gestae,* all as set forth in defendant's bill of exception No. 16, which is here referred to and made part hereof."

Appellant's witness Herndon had, previous to the admission of the testimony complained of, testified as to statements made to him by plaintiff. We think it competent, under such circumstances, for the plaintiff to state what he did say on such occasion and the circumstances under which he said it. There is no merit in the assignment.

The court in its third paragraph charged the jury as follows: "In this case the evidence shows that about two miles east of Greenville, on the afternoon of June the 13th, 1906, the plaintiff, Homer Williams, was injured on the Shreveport Division of Missouri, Kansas & Texas Railway Company of Texas. Now, if you find and believe from the evidence that at the point where he was injured that part of the roadbed between the rails was at said time, and had been for

many years immediately prior to said date, being used as a footpath by the public in going to and returning from Greenville and other places, and you further find that such use, if it was being so used, was with the knowledge and consent of the defendant, and with the permission or acquiescence of it, and you further find that no reasonable effort had been made by the defendant to prevent the use of its road as a foot-path, if you find that it was being so used; and if you find that on said date the plaintiff, Homer Williams, was traveling on said railroad en route to Cumby, Texas; and if you find that when he reached said point on said road he stepped off the roadbed between the rails on the south side of the track to pick some berries on the right of way near the track; and if you further find that while so engaged, if he was, he observed a freight train belonging to the defendant approaching from the west on said track, and if you further find that plaintiff then started across the track on the north side, and you find that it was his intention to cross the track to avoid the smoke, cinders and dust, and if you further find that it was his intention when the train passed to resume his journey to Cumby, and if you further find that at this point of the road the defendant, its agents and servants, knew that persons might reasonably be expected to be at this point, and if you further find that when he was crossing the track, if he was, his foot slipped, or one or both of them became entangled in the track, rails or ties or other matter on or between the track, and if you find that he was thereby caused to fall across the track or rails, and if you find that the force of the fall, if he did fall, knocked the breath out of him, and you find that he was rendered temporarily unconscious or dazed to such an extent that he did not know, and was not conscious, of any danger, if there was any danger, and was unable to extricate himself from said position, and if you further find that at the time he fell, or after he fell, if you find he did fall, the agents and servants in charge of and operating said freight train and engine saw plaintiff, or by the exercise of ordinary care could have seen him, in time to have stopped the train before it reached him; and if you further find that said agents and servants failed and neglected to keep any lookout, and failed and neglected to use ordinary care to discover him on the track, if he was on the track, in time, by the use of ordinary care, to have stopped the train before reaching him, and you further find that said agents and servants operated and propelled said engine over and across plaintiff's leg and foot, and you find that same was mangled and bruised to such an extent that it became necessary to amputate the same, and if you further find that the agents and servants, in failing to keep a lookout, if they did fail, and in failing to discover him on the track, if they did so fail, and if he was on the track, and in operating said engine over and across his leg, if they did run said engine over his leg, were guilty of negligence as that term is defined in the first paragraph of this charge, and that such negligence, if any, was the proximate cause of his injuries, if any, then you will find for the plaintiff."

We think there is no error in the charge as complained of. The

evidence raised the issues as to the roadbed being used as a footpath by the public with the knowledge and acquiescence of the appellant; as to the care that should have been exercised by the company's servants operating the train, and whether or not plaintiff had abandoned the track as a footpath by stopping a few minutes to pick berries, and thereby became a mere trespasser. It was the duty of those operating the train to use reasonable care at that point to see if any one was on the track, and their duty to stop the train, if so, if by a proper lookout the person could have been seen in time to prevent injuring him. And this duty rested on those operating the train, if the appellee in crossing the track fell and was rendered unconscious by such fall. Houston & T. C. Ry. Co. v. Sympkins, *supra*. The evidence was conflicting as to the distance the train was from the plaintiff at the time he fell and a charge on this point was called for.

The court also charged the jury on discovered peril, and the charge when considered as a whole fully covered the issues raised and was not on the weight of the evidence.

There was no error in refusing defendant's special charge No. 2, which is as follows: "You will not consider any evidence with reference to whether or not the servants in charge of the train were negligent in running the train at the speed it was moving as it approached the point of the alleged accident to the plaintiff, up to the time that it is alleged that plaintiff fell upon the track." The speed of the train was not submitted to the jury as an issue, but had it been, under the evidence showing that the track at the point of accident had been commonly and habitually used by the public as a footpath, we doubt that it would have been held improper, and to have given the charge asked would have been error. Missouri, K. & T. Ry. Co. v. Snowden, 44 Texas Civ. App., 509.

The following assignment of error is presented, viz.: "The court erred in admitting in evidence over defendant's objections the testimony of Fred Rowlett to the effect that Homer Williams, the appellee, told the witness (Rowlett) relative to how he came to get hurt, that he, Williams, was picking berries on the south side of the track and saw the train coming and to avoid the dust and cinders from the train decided to go over on the north side of the track, and in some way slipped and fell down and the train run over him before he could get off the track. Because the said testimony of the witness was not part of the *res gestae,* and was self-serving, as set forth in defendant's bill of exceptions No. 18."

The court appended to the bill of exceptions the following explanation, viz.: "Homer Williams testified that the first person to him after his injury was Fred Rowlett, and he came in ten or twelve minutes, and that during the time before he arrived, he (Homer Williams) was in such condition of mind that he did not know hardly what he was doing. Other testimony showed that it was in about ten minutes after the accident, and that during that time he was suffering with great pain and heat, and that Rowlett was the first person to speak to him about the case. It was clearly a part of the *res gestae.* (Signed) T. D. Montrose, Judge."

This explanation is supported by the evidence which we think makes the statement *res gestae,* and therefore properly admissible. International & G. N. Ry. Co. v. Anderson, 82 Texas, 516; Missouri, K. & T. Ry. Co. v. Vance, 41 S. W., 167; City of Austin v. Nuchols, 42 Texas Civ. App., 5; Kenney v. State, 79 S. W., 817.

We have considered all the assignments of error presented. Some of them have been mentioned, but none show reversible error.

The judgment is supported by the evidence and it is affirmed.

*Affirmed.*

Writ of error refused.