## McAtee v. Consolidated Oil Company.

### [No. 11,644.   Filed June 27, 1923.]

SALES.— *Recovery of Purchase Price.— Statements of Agent.— Fraud.—Agency.—Evidence.—Sufficiency.*—In an action by the purchaser for the purchase price paid for roof paint on the grounds that he was induced to purchase the paint by false and fraudulent statements made by the seller's agent, *held* the evidence sufficient to warrant a finding that the alleged fraudulent statements were made by the agent as an individual and not as seller's agent and that any right of action that the purchaser might have was against the agent personally and not against the seller.

From Pike Circuit Court; *John F. Dillon*, Judge.

Action by Charles B. McAtee against the Consolidated Oil Company.   From a judgment for defendant, the plaintiff appeals.   *Affirmed.*

*John L. Sumner*, for appellant.
*William D. Curll*, for appellee.

ENLOE, P. J.—This was an action by appellee to recover the purchase price of certain described goods, alleged to have been sold and delivered to the appellant. The complaint, which was in one paragraph, was answered by (a) a general denial, and (b) a second paragraph in which certain facts were alleged as constituting fraud in the procuring of the written order for said goods.   The appellant also filed a cross-complaint, which was met by an answer in general denial.   As none of said affirmative pleadings were tested by demurrer, their sufficiency is not before us.

The cause was submitted to the court for trial, resulting in a finding and judgment in favor of the appellee. There was a motion for a new trial, which was overruled and this appeal followed.   The error assigned is the action of the court in overruling said motion, the valid assignments of which were:   (a) that the de-

cision of the court was not supported by sufficient evidence; and (b) was contrary to law.

The only point made by the appellant in his brief filed herein is, that he was induced to sign the written order for the goods purchased, roof paint, by the false and fraudulent statements of one Thompson, the selling agent of appellee, the said false and fraudulent statements being that Thompson said, if appellant would buy the paint, he, Thompson, would come and repair the roof and put on said paint, and that if it did not last ten years the appellant did not have to pay for it.

An examination of the testimony of the appellant as the same is found in the bill of exceptions, discloses that when the paint arrived the appellant went to the depot and got it and took it to his home, and notified Thompson to come and put it on, but that Thompson did not go, and that the paint is still in the possession of the appellant.

The record also clearly discloses, from the testimony of the appellant, that the said arrangement with Thompson was had and made with him as an individual, and not as the agent of the appellee; that appellant was to go to Petersburg after Thompson and take him to his home to do the work, and was to pay Thompson $25 for putting on this paint and patching the roof of the building on which such paint was to be used. The record discloses the following testimony given by the appellant upon the trial of this case, viz.: "Q. Then you knew all the time that the company was not to put the paint on? A. Yes, sir. Q. And that it was a personal agreement between you and Mr. Thompson? A. Yes, sir."

Under this testimony the appellant may have a grievance against Thompson for not keeping his agreement, as to repairing said roof and putting on said paint, but,

upon this record, he is in no position to charge the matter against the appellee.

The decision of the court is supported by the evidence and is not contrary to law.

Judgment affirmed.