GARY RAILWAYS *v.* CLINE ET AL.

[No. 18,112. Opinion on Motion To Dismiss filed November 13, 1950. Opinion on Merits filed March 30, 1951. Rehearing denied May 18, 1951. Transfer denied June 19, 1951.]

*Hodges, Ridgely & Davis,* of Gary; and *George F. Sammons,* of Kentland, for appellant.

*Justin Waitkus,* of Gary, for appellee Matthews.

*Fagan & Daugherty; William J. Regan,* both of Gary; and *Ralph Bower,* of Kentland, for appellee Kline.

## ON MOTION TO DISMISS APPEAL

ROYSE, C. J.—Appellee Harry O. Cline brought this action against appellant and appellee Matthews for damages for loss of work and services, etc. for the death of his minor son who was killed in an intersection accident in Gary, Indiana. The accident occurred when appellant's bus struck the truck of appellee Matthews in which said minor was riding.

Trial to a jury resulted in verdict against appellant only in favor of appellee Cline. From the judgment on that verdict appellant had appealed to this court.

Appellee Matthews filed his motion to dismiss on the following grounds:

No verdict was returned against appellee Matthews;

No motion for a new trial was filed by appellee Cline against appellee Matthews, a co-defendant in the trial court;

Appellee Matthews is not a co-party to the judgment;

Appellee Matthews is neither a proper, nor necessary party to this appeal.

Appellant cannot complain that no verdict was brought in against the appellee Matthews, who was sued as a joint tortfeasor.

Appellee Matthews has no interest in the judgment appealed from.

The entire cause, and all issues as between appellee Cline and appellee Matthews were disposed of in the trial court.

The jugment was final as to appellee Matthews;

There were no issues between the appellant and appellee Matthews which could result in a judgment for or against each other.

Neither appellant nor appellee Cline has opposed this motion.

On the authority of the cases of *Hutson* v. *Brookshire* (1923), 80 Ind. App. 273, 139 N. E. 190, 140 N. E. 440; *Smith et al.* v. *Graves* (1915), 59 Ind. App. 55, 108 N. E. 168; *Van Nuys* v. *Union Insurance Company* (1940), 108 Ind. App. 294, 25 N. E. 2d 280, (Transfer denied), the motion of appellee Matthews must be sustained.

Appeal as to appellee Matthews dismissed.

Draper, J., not participating.

NOTE.—Reported in 94 N. E. 2d 759.

## DECISION ON MERITS

MARTIN, J.—This is an appeal from a judgment in favor of the appellee, Harry O. Cline, in an action for damages. The appeal as to Irving J. Matthews has been dismissed in this court. See 94 N. E. 2d 759.

Donald Cline, son of the appellee, died of injuries received in a collision between a bus of the appellant and a truck in which the appellee's deceased son was riding, said death resulting from the alleged negligence of the appellant.

The cause was tried by a jury on the issues formed by the appellee's second paragraph of complaint and appellant's answer. The jury returned a verdict in favor of the appellee and against the appellant, awarding damages in the amount of $10,000.00 to the appellee.

The error assigned for reversal is that the court erred in overruling appellant's motion for a new trial.

The grounds set forth in the motion for a new trial are:

(1) The damages assessed by the jury are excessive.

(2) The verdict of the jury is not sustained by sufficient evidence and is contrary to law.

(3) The following separate and several errors of law occurring at the trial and objected to and excepted to by the defendant, Gary Railways, Inc.

   (a) Appellant contends that the court erred in permitting the witness, John Kravetz, to answer questions over the objections of the appellant.

   (b) The court erred in overruling appellant's motion to strike out certain testimony of the witness Kravetz.

   (c) The court erred in permitting the witness, Irving J. Matthews, to answer certain questions.

(4) The court erred in overruling the motion of defendant Gary Railways, Inc., to strike the answers of the witness John Kravetz to questions put on direct examination by Mr. Charles Daugherty, attorney for the plaintiff and Mr. Waitkus, attorney for the defendant, Irving J. Matthews. Said questions, objections, rul-

ings and answers are all set forth in Appendix "A" which is attached hereto and made a part hereof in its entirety by reference and which said motion and ruling on said motion are set forth in Appendix "B" which is attached hereto and which is made a part hereof in its entirety by reference.

The court will consider the questions in the order raised in appellant's brief and will consider together specifications 3(a), (b), and 4 of the motion for a new trial, appellant's testimony regarding the introduction of evidence and the overruling of appellant's motion to strike out questions and answers, all pertaining to evidence given by the witness Kravetz as to statements made by appellant's bus driver agent, Papke.

The arguments regarding the admissibility of the bus driver's statements were based on appellant's objections that such testimony would be hearsay and not within any variation from the hearsay rule. The appellant contends that the statements of the bus driver are not admissible, either as a part of the *res gestae* or as an admission or statement by an agent which would be binding upon his principal.

The witness, John Kravetz, testified in substance that after the accident there was no one in the bus except the bus driver; that the bus driver did get out of the bus in a minute or two and that he seemed dazed, that he walked around rubbing his head; that they asked him questions but he did not answer for about five or six minutes. Following this evidence the following question was asked and answer given:

"Q. All right, now, I will repeat that question. What was that statement?

"A. He just said he didn't see a thing, the first thing he remembered was the impact.

MR. WAITKUS: Speak up.

"A. All he said was he didn't remember nothing, he didn't know where the truck come from. The first thing he remembered was when he crashed into the truck, he didn't know where the truck come from."

This evidence shows that the bus driver was evidently dazed and suffering from shock and unable to talk at first. The above statements were the first statements that he had made after the impact.

The foregoing statements by the bus driver were clearly relevant and material. They had a direct and substantial bearing upon the negligence of the appellant's employee and agent, Papke. They indicated that he was not keeping a proper lookout. The declarations of Papke were voluntary and spontaneous and were the first statements that he apparently was able to make after the accident and at the time and place where the collision they referred to occurred, and they illustrated the event. They were made so near the time of the principal act as to preclude the idea of deliberate design, though not precisely concurrent in point of time therewith, and are regarded as contemporaneous and admissible.

In the case of *The Ohio, etc., R. W. Co.* v. *Stein* (1892), 133 Ind. 243, 31 N. E. 180, 32 N. E. 831, the court said:

"This conclusion we regard as involved in the principle thus stated in the case of the *Louisville, etc., R. W. Co.* v. *Buck:*
" 'It is not always easy to determine when declarations having reference to an act or transaction should be received as part of the *res gestae,* and much difficulty has been experienced in the effort to formulate general rules applicable to the subject. This much may, however, be safely said, that declarations which are the natural emanations or outgrowths of the act or occurrence in litigation,

although not precisely concurrent in point of time, if they were yet voluntarily and spontaneously made, so nearly contemporaneous as to be in the presence of the transaction which they illustrate and explain, and where made under such circumstances as necessarily to exclude the idea of design or deliberation, must, upon the clearest principles of justice, be admissible as part of the act or transaction itself.' "

The principle is well settled in this state, and very generally approved elsewhere, that declarations of an injured party, which are the natural outgrowth of, and tend to illustrate or explain the occurrence giving rise to litigation, made so nearly contemporaneous therewith as to be in the presence of the transaction, and under such circumstances as necessarily to prevent deliberation and preclude any imputation of design, though not precisely concurrent in point of time, are admissible as part of the *res gestae*. *Fort Wayne, etc., Traction Co.* v. *Roudebush* (1909), 173 Ind. 57, 63, 88 N. E. 676, 89 N. E. 369; *The Ohio, etc., R. W. Co.* v. *Stein, supra; Louisville, etc., R. Co.* v. *Buck* (1889), 116 Ind. 566, 19 N. E. 453, 9 Am. St. 883, 2 L. R. A. 520; *Green* v. *State* (1900), 154 Ind. 655, 57 N. E. 637; *Pennsylvania R. Co.* v. *Lyons* (1889), 129 Pa. St. 113, 18 Atl. 759, 15 Am. St. 701; *Murray* v. *Boston, etc., Railroad* (1903), 72 N. H. 32, 54 Atl. 289, 61 L. R. A. 495, 101 Am. St. Rep. 660; *Dixon* v. *Northern Pac. R. Co.* (1905), 37 Wash. 310, 79 Pac. 943, 68 L. R. A. 895, 107 Am. St. Rep. 810; *Starr* v. *Aetna Life Ins. Co.* (1905), 41 Wash. 199, 83 Pac. 113, 4 L. R. A. (N. S.) 636; *Leach* v. *Oregon, etc., R. Co.* (1905), 29 Utah 285, 81 Pac. 90, 110 Am. St. 708; *Kansas City, etc., R. Co.* v. *Morris* (1906), 80 Ark. 528, 98 S. W. 363, 10 Am. and Eng. Ann. Cas. 618; *Christopherson* v. *Chicago, etc., R. Co.* (1907), 135

Iowa 409, 109 N. W. 1077, 124 Am. St. 284; *Zoesch* v. *Flambeau Paper Co.* (1908), 134 Wis. 270, 114 N. W. 485; *McLeod* v. *Ginther's Admr.* (1882), 80 Ky. 399; *Illinois Cent. R. Co.* v. *Houchins* (1907), 125 Ky. 483, 101 S. W. 924; *Galveston, etc., R. Co.* v. *Mitchell* (Tex. Civ. App., 1908), 107 S. W. 374; *Missouri, etc., R. Co.* v. *Williams* (Tex. Civ. App., 1908), 109 S. W. 1126.

Ground 2 of appellant's motion for a new trial is waived by the appellant.

Appellant's specification 3(c) of the motion for a new trial presents no question. No objection was made by the appellant to the question relative to Donald Cline becoming a supervisor. The record is as follows:

"Q. Could you have made him?

"A. I could."

In order to make the introduction of improper or incompetent evidence error for which a judgment will be reversed, an objection to the question must be made before the question is answered. 3 Lowe's Revision, *Work's Indiana Practice*, § 45.8, p. 79, and cases cited.

The objection was made to the previous question which was not answered. No reason was given for this objection. Objection to evidence must state the specific ground or grounds of objection. 3 Lowe's Revision, *Works' Indiana Practice*, § 45.9, p. 81, and cases cited.

Appellant's ground number 1 claims that the damages are excessive. The failure of the appellant to recite in his brief a narrative statement of the evidence pertaining to the question of damages makes it impossible for us to determine whether or not the damages are excessive and it is well settled

that we will not search the record to reverse. The appellee has supplied this deficiency to some extent by recital of evidence favorable to the verdict, and, predicating our decision on such evidence, we cannot say the verdict is excessive.

Finding no reversible error, the judgment is affirmed.

NOTE.—Reported in 97 N. E. 2d 628.