CITY OF INDIANAPOLIS ETC. *v.* BATES ET AL.

[No. 19,850. Filed February 25, 1963.]

*Patrick J. Smith,* of Indianapolis, for appellant.

*Robert Sheaffer,* of Shelbyville, and *Erle A. Kightlinger,* of Indianapolis, for appellees.

## ON MOTION TO DISMISS

COOPER, C. J.—This matter is now before the court on the appellee's motion to dismiss the appeal as to appellee Sears, Roebuck & Company.

It appears from the verified pleadings now before us filed with reference to said motion that the appellees, Donald R. Bates and Jeanne Bates, brought this action against the appellant, City of Indianapolis, by and through its Board of Directors for utilities of its Department of Public Utilities, doing business as Citizens Gas and Coke Utility, a municipal Corporation, and the appellee, Sears, Roebuck & Company, to recover damages for alleged property damage which was claimed to have been suffered by the appellees, Donald R. Bates and Jeanne Bates, by reason of the negligence of the appellant, City of Indianapolis, by and through its Board of Directors for utilities of its Department of Public Utilities, doing business as Citizens Gas and Coke Utility, a municipal Corporation, and the appellee Sears, Roebuck & Company. The complaint filed by the appellees, Donald R. Bates and Jeanne Bates, against the appellant, City of Indianapolis, by and through its Board of Directors for utilities of its Department of Public Utilities, doing business as Citizens Gas and Coke Utility, a municipal Corporation, and the appellee Sears, Roebuck & Company, was in four paragraphs. It appears that the first paragraph averred the appellant and the

appellee, Sears, Roebuck & Company, with negligently permitting the escape and accumulation of gas inside the home of appellees, Donald R. Bates and Jeanne Bates, thereby causing an explosion.

On paragraphs II and III of the said complaint, a verdict was directed by the court in favor of the appellant, City of Indianapolis, by and through its Board of Directors for utilities of its Department of Public Utilities, doing business as Citizens Gas and Coke Utility, a municipal Corporation, and no further attention will be paid to said paragraphs.

Paragraph IV of the complaint the appellees, Donald R. Bates and Jeanne Bates, alleged that the appellee, Sears, Roebuck & Company, sold a gas range and connecting gas fixtures to the said appellees and impliedly warranted this product, and that there was a breach of warranty by the appellee, Sears, Roebuck & Company, with resulting damage to the property of the appellees, Donald R. Bates and Jeanne Bates. It further appears that the trial court directed a verdict for the appellant, City of Indianaplis, by and through its Board of Directors for Utilities of its Department of Public Utilities, doing business as Citizens Gas and Coke Utility, a Municipal Corporation on Paragraph II of the plaintiffs' complaint; that the trial court directed a verdict for the appellant, City of Indianapolis, by and through its Board of Directors for utilities of its Department of Public Utilities, doing business as Citizens Gas and Coke Utility, a municipal Corporation, on the third paragraph of plaintiffs' complaint. It appears that the cause was submitted to the jury on the first and fourth paragraphs of appellees Donald R. Bates and Jeanne Bates' complaint, and the jury returned the following verdict:

"We, the jury, find for the plaintiffs on Paragraph I of their complaint and against the defendant, City of Indianapolis, by and through its Board of Directors for Utilities of its Department of Public Utilities, Doing Business as Citizens Gas and Coke Utility, a Municipal Corporation; that the plaintiffs recover of and from said defendant the sum of Eight Thousand Dollars; and we further find for the Defendant, Sears, Roebuck & Co., a Foreign Corporation.

"We, the jury, find for the plaintiffs on Paragraph IV of their complaint and against the defendant, Sears, Roebuck & Co., a foreign corporation; that the plaintiffs recover of and from the defendant, Sears, Roebuck & Co., a foreign corporation, the sum of Two Thousand Dollars."

The court denied the motion of the appellant, City of Indianapolis, by and through its Board of Directors for Utilities of its Department of Public Utilities, doing business as Citizens Gas and Coke Utility, a municipal Corporation, for judgment on the interrogatories, and entered the following judgments:

"The Court now enters judgment on verdict for the Plaintiffs on Paragraph I of their complaint and against the Defendant utility; that said Plaintiffs recover of and from the said Defendant utility, heretofore referred to as Citizens Gas and Coke Utility, the sum of $8,000.00. Costs against the Defendant. Judgment on verdict for plaintiffs on Paragraph IV of their complaint and against the Defendant, Sears, Roebuck & Co., a foreign corporation; that the Plaintiffs recover on Paragraph IV of their complaint the sum of $2,000.00 against the Defendant, Sears, Roebuck & Co., a foreign corporation. Costs against the Defendant, Sears, Roebuck & Co. Said costs in this cause to be equally proportioned between the Defendant utility and the Defendants, Sears, Roebuck & Co., a foreign corporation."

The trial court overruled the appellant's Motion for a New Trial on March 19, 1962, and, thereafter, the

appellant, within the extension of time granted by this court, perfected its appeal to this court by filing the transcript and its Assignment of Errors in the Office of the Clerk of the Supreme and Appellate Courts on October 11, 1962, thereby conferring on this court jurisdiction of said appeal. The jury returned its verdict in favor of this appellee, Sears, Roebuck & Company, on Paragraph I of the complaint; however, it appears that the jury returned its verdict against the appellee, Sears, Roebuck & Company on Paragraph IV of the appellees Donald R. Bates and Jeanne Bates' complaint, in the sum of $2,000.00. It also appears that on the 5th day of December, 1961, the appellee, Sears, Roebuck & Company, paid to the Clerk of the Shelby Circuit Court $2,000.00 and one half (½) of the costs assessed, pursuant to the judgment heretofore set forth; and that on the 17th day of March, 1962, the appellees, Donald R. Bates and Jeanne Bates, drew down the money paid into the Clerk of the Shelby Circuit Court by appellee, Sears, Roebuck & Company, in satisfaction of the aforesaid judgment against it, together with the interest accrued thereon.

By reason of what we have hereinbefore stated, it appears that the appellee, Sears, Roebuck Company, is now neither a proper nor necessary party to this appeal; that the appellee, Sears, Roebuck Company, no longer has any interest in the judgment appealed from; that the entire cause and all the issues as between the appellee, Sears, Roebuck Company, and the appellees, Donald R. Bates and Jeanne Bates, were disposed of in the trial court, and that the judgment rendered in the trial court was final as to the appellee, Sears, Roebuck Company which judgment has been fully paid.

On the authority of the cases of *Gary Rys.* v. *Cline* (1950), 121 Ind. App. 449, 94 N. E. 2d 759; *Hutson* v. *Brookshire* (1923), 80 Ind. App. 273, 139 N. E. 190, 140 N. E. 440; *Smith* v. *Graves* (1914), 59 Ind. App. 55, 108 N. E. 168; *VanNuys* v. *Union Insurance Company* (1940) (T. D.), 108 Ind. App. 294, 25 N. E. 2d 280, the motion of appellee, Sears, Roebuck Company must be sustained.

Appeal as to appellee, Sears, Roebuck Company dismissed.

NOTE.—Reported in 188 N. E. 2d 114.