WEIAND *v.* RUSSOW ET AL.

[No. 19,881. Filed May 24, 1963.]

*Armstrong, Gause, Hudson & Kightlinger,* and *Howard J. DeTrude, Jr.,* of Indianapolis, for appellant.

*Joseph F. Quill, James Jay,* both of Indianapolis, *Frank R. Ryan* and *J. Gordon Gibbs,* both of Danville, for appellees.

COOPER, C. J.—This action arose out of an automobile accident wherein an automobile driven by Norma J. Weiand ran into the rear of a truck operated by Ralph A. Wadsworth. Helen Russow, appellee, was a passenger in the automobile driven by Norma J. Weiand. This appeal comes before us from an action by the appellee, Helen Russow, against Norma J. Weiand, Curtis Weiand, John James Boardman, William Boardman, a/k/a Jim and Bill Boardman, d/b/a Boardman's Chevrolet, Ralph Wadsworth and Chester D. Warden for personal injuries arising out of the automobile accident. The appellee, Helen Russow, alleged that Norma J. Weiand, the appellant herein, was the agent and servant of the appellees, Curtis Weiand, John James Boardman, a/k/a Jim and Bill Boardman, d/b/a Boardman Chevrolet.

The appellee's complaint in her first paragraph charged the appellant with ordinary negligence and the appellees, Curtis Weiand, John James Boardman, William Boardman, a/k/a Jim and Bill Boardman, d/b/a Boardman Chevrolet, with the responsibility for the injuries allegedly sustained by the appellee, Helen Russow, alleging that the appellant was the agent of such appellees.

The appellee, Helen Russow, in her second paragraph of her complaint charged the appellant with willful and wanton misconduct and alleged that by

virtue of this fact that she was the agent of the appellees, Curtis Weiand, John James Boardman, William Boardman, a/k/a Jim and Bill Boardman, d/b/a Boardman Chevrolet, said parties being responsible for the injuries allegedly sustained.

The trial court directed a verdict in favor of all of the parties as to paragraph one of the appellee, Helen Russow's, complaint and further directed a verdict in favor of the appellees, John James Boardman, William Boardman, a/k/a Jim and Bill Boardman, d/b/a Boardman Chevrolet. At the conclusion of the plaintiff's evidence, the court also directed a verdict in favor of the appellees, John James Boardman, William Boardman, a/k/a Jim and Bill Boardman, d/b/a Boardman Chevrolet as to the appellee's second paragraph of her complaint.

At the conclusion of all the evidence, the court directed a verdict in favor of the appellee, Curtis Weiand, as to the appellee's second paragraph of her complaint. The court also directed a verdict in favor of the appellee, Chester D. Warden, as to both paragraphs of the complaint and the cause was submitted to the jury solely against the appellant, Norma J. Weiand, and the appellee, Ralph A. Wadsworth, and solely upon the second paragraph of the complaint charging willful and wanton misconduct against the appellant, Norma J. Weiand, and ordinary negligence against the appellee, Ralph A. Wadsworth.

The jury found in favor of the appellee, Helen Russow, and against the appellant assessing damages in the sum of Twenty Six Thousand ($26,000.00) Dollars.

The jury also found in favor of the appellee, Ralph A. Wadsworth, and against the appellant, Helen Russow. The court thereupon entered a judgment in accordance with the verdict of the jury, and the appel-

lant, Norma J. Weiand, filed the only motion for a new trial in the cause, which motion was overruled.

It has been held by this court in the case of *Smith* v. *Graves* (1915) (T. D.), 59 Ind. App. 55, 58, 108 N. E. 168, that:

> "When several persons are defendants and the jury finds for part and against part of such defendants, on appeal by the defendants against whom judgment was rendered, the defendants who obtained a verdict and judgment in their favor are neither necessary nor proper parties to the appeal. *Town of Windfall City* v. *First Nat. Bank* (1909), 172 Ind. 679, 686, 87 N. E. 984, 89 N. E. 311; *Southern R. Co.* v. *Elliott* (1908), 170 Ind. 273, 276, 82 N. E. 1051; *Hubbard* v. *Burnett-Lewis Lumber Co.* (1912), 51 Ind. App. 97, 99, 98 N. E. 1011."

Also, in the case of *Van Nuys* v. *Union Ins. Co.* (1940) (T. D.), 108 Ind. App. 294, 25 N. E. 2d 280, it was held that where a person as a co-defendant of the appellant below but not a co-party to the judgment appealed from and where the verdict of the jury and the judgment of the court were against the appellant but in favor of his co-defendant, then the co-defendant has no interest in the judgment from which the appeal is taken.

This court further held in the case of *Gary Railways* v. *Cline* (1951) (T. D.), 121 Ind. App. 449, 97 N. E. 2d, 628, that where an action was broguht against an appellant and an appellee for damages for loss of work and services of a minor son who was killed in an automobile accident wherein the trial of the jury resulted in a verdict against the appellant and in favor of the appellee and where the appellant appealed to this court, this court dismissed the appellee as he was not made a party to the appeal. We, in a very recent

case of *City of Indianapolis, by and through its Board of Directors for Utilities of its Department of Public Utilities, d/b/a Citizens Gas and Coke Utility, a Municipal Corporation* v. *Donald R. Bates, et al.* (1963), 134 Ind. App. 343, 188 N. E. 2d 114, stated:

". . . it appears that the appellee, Sears, Roebuck Company, is now neither a proper nor necessary party to this appeal; that the appellee, Sears, Roebuck Company, no longer has any interest in the judgment appealed from; that the entire cause and all the issues as between the appellees, Sears, Roebuck Company, and the appellees, Donald R. Bates and Jeanne Bates, were disposed of in the trial court, and that the judgment rendered in the trial court was final as to the appellee, Sears, Roebuck Company which judgment has been fully paid."

Therefore, by reasons hereinbefore stated, the judgment entered by the trial court in favor of Curtis Weiand, John James Boardman, William Boardman, a/k/a Jim and Bill Boardman, d/b/a Boardman Chevrolet, was a final judgment and there being no motion for a new trial filed by the appellee, Helen Russow, attacking the court's decision in directing the verdict for these appellees, and there being no issue remaining between the appellant and the foregoing appellees, this appeal as to the appellees, Curtis Weiand, John James Boardman, William Boardman, a/k/a Jim and Bill Boardman, d/b/a Boardman Chevrolet, ■ dismissed.*

NOTE.—Reported in 190 N. E. 2d 567.