## MERRIMAN *v.* KRAFT ET AL.

[No. 667A20. Filed August 22, 1968.]

*Bamberger, Foreman, Oswald and Hahn,* of Evansville, for appellant.

*Fine, Hatfield, Sparrenberger and Fine,* of Evansville, for appellees.

PER CURIAM.—Plaintiff-appellee, Marion H. Kraft, filed this action in the Vanderburgh Superior Court against defendant-appellant, Carita Merriman and defendant-appellee, Firestone Tire and Rubber Company, to recover damages for personal injuries allegedly sustained when he, as a pedestrian, was struck by an automobile being driven by Carita Merriman.

Paragraph I of plaintiff-appellee's complaint alleges a cause of action against both defendants as joint tort feasors. Paragraph II of the complaint is directed against defendant-appellant, Carita Merriman, alone, upon the theory of *res ipsa loquitur.* Finally, paragraph III of the complaint alleges a

cause of action against defendant-appellee, Firestone, alone, upon the theory of breach of warranty.

Trial was by jury, which returned a verdict for the plaintiff-appellee, against the defendant-appellant and for the defendant-appellee, on paragraph I of the complaint; for the plaintiff-appellee and against the defendant-appellant on paragraph II; and, for the defendant-appellee and against the plaintiff-appellee on paragraph III.

We now entertain defendant-appellee, Firestone Tire and Rubber Company's motion to dismiss or in the alternative, to affirm, as to it.

Said motion reads, in pertinent portion, as follows:

"6. That no verdict was returned against Firestone Tire and Rubber Company, one of the Appellees herein, and your petitioner.

"7. That no motion for new trial was filed by the Appellee, Marion H. Kraft, against this Appellee, Firestone Tire and Rubber Company.

"8. That this Appellee, Firestone Tire and Rubber Company is not a co-party to the judgment rendered against Appellant, Carita Merriman.

"9. That this Appellee, Firestone Tire and Rubber Company is neither a proper nor a necessary party to this appeal.

"10. That Appellant, Carita Merriman, cannot complain that no verdict was brought against this Appellee, Firestone Tire and Rubber Company, on Paragraph I of plaintiff's complaint, who was sued therein as a joint tort feasor.

"11. That Appellant cannot complain as to Appellee, Firestone Tire and Rubber Company, as to Paragraph II of plaintiff's complaint, Appellee, Firestone Tire and Rubber Company, not being a party to said Paragraph II.

"12. That Appellant cannot complain as to Firestone Tire and Rubber Company, as to Paragraph III of plaintiff's complaint, Appellant not being a party to said paragraph of complaint.

"13. That this Appellee, Firestone Tire and Rubber Company has no interest in the judgment appealed from.

"14. That the entire cause, and all issues as between Appellees, was disposed of in the trial Court.

"15. That the judgement was final as to Appellee, Firestone Tire and Rubber Company.

"16. That there were no issues between Appellant, Carita Merriman and this Appellee, Firestone Tire and Rubber Company, which could result in a judgment for or against each other.

"17. That Appellant's Brief raises no questions as to this Appellee, Firestone Tire and Rubber Company."

We believe the rule of law, applicable to this motion, is succinctly stated in the case of *Smith v. Graves* (1915), 59 Ind. App. 55, 58, 59, 108 N. E. 168; followed by this court as late as 1963 in *Weiand v. Russow* (1963), 134 Ind. App. 625, 190 N. E. 2d 567; as being:

"When several person are defendants and the jury finds for part and against part of such defendants, on appeal by the defendants against whom judgment was rendered, the defendants who obtained a verdict and judgment in their favor are neither necessary nor proper parties to the appeal. *Town of Windfall City v. First Nat. Bank* (1909), 172 Ind. 679, 686, 87 N. E. 984, 89 N. E. 311; *Southern R. Co. v. Elliott* (1908), 170 Ind. 273, 276, 82 N. E. 1051; *Hubbard v. Burnett-Lewis Lumber Co.* (1912), 51 Ind. App. 97, 99, 98 N. E. 1011."

Based upon the preceeding authorities and the reasoning in *City of Indianapolis v. Bates* (1963), 134 Ind. App. 343, 188 N. E. 2d 114, we conclude that the appellee, Firestone Tire and Rubber Co., is neither a necessary nor proper party to this appeal.

Of the fifty-four (54) specifications of error in appellant's motion for a new trial, only two predicate error upon the conduct of appellee, Firestone. As these two specifications were not argued in appellant's brief, with the proper application of authority, they are deemed

waived and there is no further need to discuss them. *Stevens v. Pinegar* (1965), 137 Ind. App. 94, 205 N. E. 2d 320.

We are of the opinion that appellant will not be prejudiced by sustaining appellees motion.

Appellee's motion to dismiss is hereby sustained, and this appeal is dismissed as to appellee, Firestone Tire and Rubber Company.

Cook, P.J., not participating.

NOTE.—Reported in 239 N. E. 2d 609.