Worden, J.
— This was an action by Samuel Templeton,
as the guardian of William S. and Rosa M. Templeton, minors, and grandchildren of John Lee, deceased, against the •appellants, to contest and set aside the supposed last will •and testament of the said John Lee, on the ground of the mental unsoundness of the testator.
By the will in question, the testator made the following •disposition of his property, viz.:
“I give and bequeath to my wife, Elizabeth Jane Lee, all the household goods of which I may be in possession at the time of my death, to be held and used by her during her lifetime, and, at her death, to be sold and divided equally amongst my children. The balance of the personal property to be sold and divided so as to make all the children equal, including whatever amount any of them have heretofore received.
“I give to my said wife, during her lifetime, the use of *317 the dwelling-house, orchard and garden; also the annual sum of four hundred dollars, for her own use and boarding the two minor children, Cynthia Lee and Francis M. Lee, until they shall become of age, to be paid out of the proceeds of the farm.
“Also, to Cynthia Lee and Francis M. Lee, the annual sum of seventy-five dollars each, for the purpose of clothing and schooling until they shall become of age, to be paid out of the proceeds of the farm. The real estate to be divided equally between all the children, after the payment of the legacies aforesaid.
“I further give and bequeath to my said wife one cow, and the use of sufficient pasture to keep her.”
^ The defendants answered as follows :
“All the defendants in the above cause, for answer to the complaint, say:
“1st. That they deny each allegation contained therein.
“2d. For a second and further answer to the complaint said defendants say, that at the May term, 1877, of this court, the plaintiff and all the defendants to this suit, except Joseph Lee and Madison Lee, filed a petition for partition against said Joseph and Madison Lee, which petition is in the words and figures following, to wit:
“ ‘State of Indiana, Hamilton county, ss.:
“ ‘Elizabeth J. Lee, Melissa Abgar, Peter Abgar, Sarah A. Foland, Matilda J. Lee, Lewis M. Foland, Cynthia Lee (by Jacob Zeller, her guardian), Francis M. Lee (by Elizabeth Lee, his guardian), William S. Templeton and Rosa May Templeton (by Samuel Templeton, their guardian in fact), petitioners, v. Joseph Lee and, Madison Lee, defendants. .Petition for partition.
“ ‘In the Hamilton Circuit Court.
“ ‘To the Hon. Hervey Craven, sole Judge of said Court:
“ ‘Your petitioners would represent and show to your Hon- or that, on the — day of-, one John Lee departed this life *318 testate, the owner in fee-simple of the following described real estate, to wit” Describing the real estate.
“ ‘That said John Lee left surviving him, as his only heirs •and devisees, said Elizabeth J. Lee, his widow, said petitioners, Melissa Abgar, intermarried with Peter Abgar, Sarah A. Foland, intermarried with Andrew J. Foland, Matilda J. Foland, intermarried with Lewis M. Foland, Cynthia Lee and Francis M. Lee, and said defendants, Joseph Lee •and Madison Lee, his children, and said petitioners, William S. Templeton and Rosa May Templeton, his grandchildren, the children of Hannah Templeton, his daughter, deceased; that, by the terms of his last will, a copy of which is filed herewith as part hereof, said John Lee devised to his said widow, Elizabeth J. Lee, the use, possession and occupancy of the dwelling-house and orchard on said real estate, and the use of sufficient pasture thereon to keep one cow, and also the annual sum of four hundred dollars, all for and during her natural life; that, by the terms of said will, he also devised to each of the said petitioners, Cynthia Lee and Francis M. Lee, the annual sum of seventy-five dollars until they shall arrive at their full age, said legacies aforesaid to be paid out of said real estate aforesaid; that he also, by the terms of his said will, devised to each of his said children, namely, Melissa Abgar, Sarah A. Foland, Matilda J. Foland, Cynthia Lee, Francis M. Lee, Joseph Lee and Madison Lee, and to said William S. Templeton and Rosa May Templeton jointly, the undivided one-eighth part in value of said real estate aforesaid, subject to the legacies men- tioned in said will; that the said Hannah Templeton, the mother of said William S. Templeton and Rosa May Templeton, and tl^e daughter of said testator, departed this life ■on the 30th day of November, 1872, leaving the said William S., four, and the said Rosa May, two years of age, her only ■children.
“ ‘Immediately after her death, the said testator, then be *319 ing in full life, took her said children to his own house and made them members of his family, where they continued to reside up to the time of the making of said will and his death. And from the time said testator took said orphans into his family as aforesaid, up to said time of his death, he called them “children,” and in every way recognized them as his children, occupying the place and entitled to all the rights of their deceased mother. And the petitioners aver that said testator, at the time of the execution of said will, understood and believed that the term “children,” as used by him in said will, embraced the said William S. and Rosa May, as well as the surviving children of his body. And the petitioners further aver that the said testator, during this [his] lifetime, and at the time he caused said will to be drafted, and when he executed the same, had no intention of disinheriting the said William S. and Rosa May. On the contrary, by the use of the term “children,” wherever it occurs in said will, he, said testator, intended to and did include and embrace them, said orphans, as legatees, and he intended thereby to devise to them an equal shai’e with each of his surviving children.
“ ‘And the petitioners further aver, that the omission by said testator to use some term more definite than the general term “children” in said will, for the purpose of designating the said William S. and Rosa May as legatees as aforesaid, occurred solely in consequence of said understanding and belief of said testator, existing at the time of the execution of said will as aforesaid, that said term “children,” as used in said will, embraced them as well as his said surviving children, and not otherwise; that said defendant Joseph Lee holds his said interest in said real estate subject to an advancement of $1,000, and that said defendant Madison Lee holds his said interest in said real estate subject to an .advancement of $180, made to them and each of them respectively as aforesaid by their said father, John Lee, during his lifetime; that, by virtue of the premises aforesaid, *320 said petitioners and defendants herein are now the owners in fee simple of said real estate aforesaid, as tenants in common in the proportion hereinbefore named. Your petitioners being desirous of having and holding their said respective interests in said real estate aforesaid in severalty, ask the-court that partition thereof be made in pursuance of the statute in such cases made and provided; that if partition thereof can not be made without damage to the owners thereof, that the same be sold and the proceeds thereof divided among the parties entitled thereto; that said legacies and annuities in-favor of said petitioners, Elizabeth J. Lee, Cynthia A. Lee and Francis M. Lee, herein referred to, be declared a lien on said real estate aforesaid in favor of the parties entitled thereto respectively, and that partition thereof be made subject thereto as aforesaid, the court and commissioners appointed to make such partition take into consideration the advancements made to said defendants and each of them as aforesaid, and that said mistake aforesaid be corrected.,
“ ‘And the petitioners ask for all other proper relief.
“ ‘D. Moss and Kane & Davis, attorneys.
• “ ‘Filed February 8th, 1877. J. R. Gray.’
“That said will was at the time duly probated.
“Thereupon the defendants Joseph and Madison (Lee) answered said complaint, admitting all the allegations therein except so much of said complaint as set up a cause of action, in the plaintiffs, William S. and Rosa May Templeton, which they denied, and upon the issues thus formed said cause was submitted to a jury for trial, and from the, special findings of the jury in said cause the court adjudged and decreed that the plaintiffs, William S. and Rosa May Templeton, had no right, title or interest in and to said real estate, but that the same was, by the terms of said will of said John Lee, deceased, divided [devised] to said testators, said surviving children, subject to the legacies and bequests therein contained; and the court thereupon awarded a decree of *321 partition of said land, and appointed commissioners to divide the same.
“That said commissioners thereupon divided said land, setting off to each of said surviving children of said testator one-seventh part in value, subject to said legacies mentioned in said will, and reserving to the widow her right to the dwelling-house, orchard and garden during her life, and made report thereof to this court at said May term, which report was in all things approved, and said commissioners were discharged, and final judgment of partition rendered therein by said court. And the defendants aver, that from said decree of this court, awarding partition of said lands and the report of said commissioners, and the approval thereof by the court, no appeal has been taken, but that the same is now in full force and effect.
'“And these defendants now aver and show to the court that the plaintiffs, by their said complaint, by the issues therein made, the trial of said issues in this court and the final judgment therein rendered, thereby claimed under said will and thereby accepted, ratified and confirmed and admitted of record the validity of said will, and the competency of said testator to make the same; that these defendants placed full faith and reliance upon the validity of said will so admitted of record as aforesaid, and pursued [prosecuted] the issue so made to final judgment as aforesaid, and in doing so incurred large expenses for the costs of said suit, and for attorneys’ fees in conducting the same, to wit, the sum of five hundred dollars, and, in pursuance of the said final judgment of partition awarded by the court, took possession of their respective interests in said land so set off to them under said partition proceedings, and made valuable and lasting improvements thereon. And the defendant Elizabeth J. Lee, as the widow of said testator, elected to take under the provisions of said will, and has been receiving the legacies and bequests therein specified, from her co~ *322 defendants, ever since said real estate was so divided in said partition suit; and the defendants have each been paying the minor children of said testator the legacy of $75.00 so bequeathed to them by said testator. Wherefore the defendants say that, by reason of the premises, the plaintiffs in this suit are precluded and estopped from ever attacking or questioning the validity of said last will and testament of said John Lee, deceased. And they demand judgment for costs, and all other proper relief.”
A demurrer for want of sufficient facts, to the second paragraph of answer, was sustained, and exception taken. Such further proceedings were had as that it was adjudged that the testator, John Leo, at the time of the execution of the supposed will, was not of sound mind, and the will and probate thereof were revoked, vacated and set aside.
The errors assigned are :
1st. That the complaint does not state facts sufficient to constitute a cause of action ; and,
2d. Thát the court erred in sustaining the demurrer to the second paragraph of answer.
The objection urged to the complaint is, that it does not show that the court below had jurisdiction over the subject of the action; in other words, that the testator, at the time of his death, was a resident of Hamilton county, or that there was any part of his estate in that county ; and, to this point, the cases-of Sutherland v. Hankins, 56 Ind. 343, and Harris v. Harris, 61 Ind. 117, are cited. The question involved has been more recently before this court, in the case of Kinnaman v. Kinnaman, 71 Ind. 417.
In that case it was said : “The first ground of the motion to dismiss was, as has been seen, that there was no proper complaint on file. The question has been discussed by counsel on both sides, whether the complaint was not radically defective in not showing that the court had jurisdiction o~ver the subject of the action. In the case of Thomas v. *323 Wood, 61 Ind. 132, 137, it was held, that, in order to give the court jurisdiction to contest the validity of a will, the testator must have died in, or left assets in, or that assets of the estate must have come into, the county where the contest is canted on. In that case, as ill the present,” (and as in the case now before us,) “the complaint was silent as to any of these jurisdictional facts. It showed nothing on the subject •one way or the other ; but the evidence showed the jurisdiction, and this was held to be sufficient to uphold the proceedings.
“Doubtless, if a complaint should show affirmatively that the court had no jurisdiction of the subject of the action, it would not be error to dismiss the proceedings. But where the court is one of general jurisdiction, like the circuit court, the facts which give it jurisdiction of the subject of the action need not affirmatively appear pn the face of the complaint. It” (the jurisdiction) “will be presumed, unless the contrary appear. The ruling in the case above cited must rest on this principle ; for, if it were essential that the facts giving the court jurisdiction should affirmatively appear on the face of the complaint, the evidence could not aid the defect.
‘ ‘The proposition above stated is fully sustained by the following authorities.” (Here authorities are cited,'not necessary to be repeated.) “There was nothing in the first reason assigned for the dismissal of the proceedings.” The ■objection to the complaint can not be maintained.
We come to the second paragraph of answer. It seems to us that the paragraph was bad, and that the demurrer to it was correctly sustained. The following is a statement of the ground on which it is claimed by the appellants that the demurrer should have been overruled: “The appellees, having attempted to procure partition of the lands of John Lee, deceased, claiming an interest therein as devisees under the will, and being defeated in that action, and the appellants having acquired vested rights, and having invested money on the strength of their respective titles acquired in *324 said partition proceedings, are estopped to deny the validity of said will. The appellees, having elected to claim undér the will, although minors, are confined to the remedy to> which they first resorted. They can not blow both hot and cold. It is either-the will of John Lee, or it is not. Theappellees, having elected to say that it was his will, claiming rights under it as devisees, are precluded from controverting its validity.”
It may be conceded that, a person, who has received a legacy under a will, can not contest the validity of the will,, without 'restoring the legacy, or bringing the money into-court. Holt v. Rice, 54 N. H. 398 ; S. C., 20 Am. Rep. 138.
The wards of the appellee, by their guardian, joined in the partition suit, seeking a portion of the land under the will, but- in this they were defeated; they obtained nothing; hence, they have nothing to l’estore. If they are estopped to contest the will, it is simply because they elected to claim a part of the land under it, and joined in the partition suit. The doctrine of estoppel by election is thus stated by a writer on the subject:
“A party can not occupy inconsistent positions ; and where one has an election between several inconsistent courses of action, he will be confined to that which he first adopts. Any decisive act of the party, done with knowledge of his rights and of the fact, determines his election and works an estoppel.” Bigelow Estoppel, 503.
It is thus seen, according to this elementary authority, that, to work an estoppel by an election between inconsistent positions, the party sought to be estopped must have a knowledge of the fact's. Another elementary writer on the subject, speaking of estoppels of this character, uses the following emphatic language; “But the estoppel is not created unless the acts or declarations constituting it are plainly inconsistent with the rights which they are alleged to have barred, and were made with full knowledge of its exist- *325 ■mice.” Herman Estoppel, sec. 475. This is in accordance with the case of Rodermund v. Clark, 46 N. Y. 354, a case that seems to be relied upon by counsel for the appellants. There the court said: “Where there exists an election between inconsistent remedies, the party is confined to the remedy which he first prefers and adopts. The remedies are not concurrent, and the choice between them being once made, the right to follow the other is forever gone. (Morris v. Rexford, 18 N. Y. 552.) Any decisive act of the party, with knowledge of his rights and of the fact, determines his election in the case of conflicting and inconsistent' remedies.” An application of the doctrine thus laid down, to the case before us, shows that the paragraph in question was insufficient, for the reason, if for no other, that it does not show that either the plaintiff or his wards, at the time of the proceedings in .the partition suit, had any notice of the mental .unsoundness of the testator, at the time of the execution of the will, and its consequent invalidity. Without such notice it is clear, on the authorities, and on general principles in respect to estoppels in pais, that the proceedings in partition can not estop the appellee, on behalf of his wards, to contest the validity of the will. See Fletcher v. Holmes, 25 Ind. 458.
The judgment below is affirmed, with costs.