## LITTLETON v. HARRIS ET AL.

| 73 | 167 |
| 90 | 518 |
| 73 | 167 |
| 138 | 542 |

1. **Intoxicating Liquors**: NUISANCE: PLEADING: CITIZENSHIP OF PLAINTIFF: GENERAL DENIAL. The plaintiff in an action to enjoin as a nuisance the unlawful sale of intoxicating liquors, must be a citizen of the county where the nuisance exists, (Chap. 143, § 12, Laws of 1884,) but the allegation in the petition of such citizenship is not put in issue by a general denial, (Code, § 2717,) and, when not otherwise put in issue, need not be proved.

2. ———: ———: EVIDENCE AGAINST OWNER OF BUILDING. Although the lease of the building in which the liquors were unlawfully sold in this case prohibited the lessees from carrying on any unlawful business in the building, yet, considering the way in which the place was furnished for saloon purposes, and arranged with ingenious devices for

carrying on the unlawful traffic, and the fact that the lessor knew of a former prosecution of the lessees for a violation of the law, *held* that the evidence was sufficient to sustain a decree against him.

*Appeal from Polk Circuit Court*—HON. J. H. HENDERSON, Judge.

WEDNESDAY, OCTOBER 26.

THIS is an action in equity, by which it is sought to enjoin the defendants from keeping a place for the sale of intoxicating liquors contrary to law. There was a decree for the plaintiff, and the defendants appeal.

*W. S. Sickmon*, for appellants.

*Baker, Bishop & Haskins*, for appellee.

ROTHROCK, J.—I. It is alleged in the petition that the plaintiff is a resident and citizen of Polk county. The

1. INTOXICATING liquors: nuisance: pleading: citizenship of plaintiff: general denial.

defendants answered by a general denial of all the allegations of the petition. There was no proof introduced by the plaintiff in support of the averment of residence and citizenship. Appellants claim that the decree was not authorized by law, without such proof. It is true that the law requires that the action may be maintained by "any citizen of the county where such nuisance exists," (section 12, c. 143, Acts Twentieth General Assembly,) and the fact of such residence may be put in issue. But the mere general denial of the allegations of the petition are insufficient to raise the issue. The plaintiff is authorized to maintain the action because of his capacity as a citizen of the county; and a general denial of such capacity presents no issue. (Code, § 2717.)

II. It is claimed in behalf of the appellant W. W. Moore, the owner of the building in which the nuisance was kept

2. ——: ——: evidence against owner of building.

and maintained, that there was no evidence upon which to justify a decree against him. The evidence shows that the room where the saloon was kept was leased by Moore to the other defendants, and that

by the terms of the lease the lessees were prohibited from carrying on any unlawful business in the building.. The evidence further shows that the saloon in question was frequently searched by officers, and beer and other intoxicating liquors found therein; that it was not only supplied with a bar, glasses, and the ordinary furniture and fixtures of a saloon, but that it had concealed places for keeping the liquors. One ingenious contrivance was a pump, connected with a beer keg in the basement, by which a bar-keeper, standing behind the bar arrayed in his white apron, could pump beer for the customers. In case of a descent upon the place by officers, the pump was so arranged that, instead of raising the beer to the bar, it could be pumped from the keg into a sewer before the officers could seize the keg. At one time, one of the parties was arrested as a violator of the law, and Moore was subpœnaed as a witness to bring his lease. He appeared with his lease, and, upon an examination of the lease, the case was dismissed. We think the facts, in connection with the manner in which the saloon was kept, together with the fact that Moore knew of the prosecution above mentioned, were sufficient warrant for the decree against him. It is true that his affidavit is found in the record, in which he makes the statement that he had no personal knowledge whatever of matters set forth in other affidavits. This affidavit of Moore was made in January, 1886, several months before the trial, and upon the hearing for a temporary injunction. The other affidavits to which he referred are not in the record, and we cannot determine what matters therein Moore denied having knowledge of.

Upon the whole record, we think the decree is correct.

AFFIRMED.