## HIGHT v. CARR.

[No. 22,766. Filed June 2, 1916.]

1. ASSIGNMENTS.—*Future or Contingent Estates.—When Not Enforceable.—Assent of Ancestor.—Insanity of Ancestor.*—Contracts attempting to sell an expectant interest in an estate are inoperative under the common law, and are presumed to be founded in fraud and oppression, and such a contract cannot be enforced unless the ancestor was informed thereof and assented thereto, and the fact that the ancestor was insane and therefore incapable of consenting to the contract constitutes no exception to the rule. p. 42.

2. ASSIGNMENTS.—*Future or Contingent Estate.—Effect in Equity.*— While courts of equity will uphold a specific assignment of an expectancy as an executory contract, when it is based on a valuable consideration, where the enforcement of the agreement would not contravene their own rules or public policy, yet a contract for the sale of an expectant interest in the estate of an ancestor, when made without the knowledge and consent of the ancestor, is against public policy, void in law and will not be upheld in equity. p. 45.

3. WILLS.—*Estoppel.—Claim Under Will.*—In an action to contest the validity of a will, where the plaintiff, being charged with the knowledge of his legal rights and with actual knowledge of the insanity of the testatrix and other circumstances surrounding the execution of the will, elected to accept compensation for the legacy therein devised to him, he was estopped to deny the validity of that instrument without first restoring the benefit received, since, where one has an election between several inconsistent courses of action, he will be confined to that which he first adopts with knowledge of his rights. p. 45.

4. WILLS.—*Assignment of Interest.—Fraud.—Rescission.*—Where one has been induced by fraud to elect to accept compensation for a legacy given him under a will, he may rescind such election by restoring the benefits received. p. 46.

From Steuben Circuit Court; *Frank M. Powers,* Judge.

Action by Arthur G. Hight against Arthur E. Carr. From a ruling on demurrers to answers overruled in part and sustained in part, plaintiff appeals, and defendant takes a cross-appeal. *Reversed.*

*Alphonso C. Wood,* for appellant.
*Brown & Carlin,* for appellee.

SPENCER, J.—The assignments of error and cross-errors in this case challenge the rulings of the trial court on separate demurrers to the second, third and fourth paragraphs of appellee's answer to appellant's complaint. The latter pleading alleges, in substance, that the pretended last will and testament of appellant's grandmother, Caroline E. Carr, is invalid and of no force and effect for the reasons: (1) That its execution was obtained by undue influence; and (2) that the testatrix was at the time of unsound mind. The prayer is that the instrument be adjudged invalid and that its probate be set aside and vacated.

To this complaint appellee filed a general denial, which was subsequently withdrawn, and second, third and fourth paragraphs of affirmative answer. The second paragraph of answer alleges that the defendant (appellee) "is the son of the said Caroline E. Carr, deceased, and that the said plaintiff, Arthur Glenn Hight, is a grandson of the said Caroline E. Carr, deceased; that on the 31st day of March, 1908, the said Caroline E. Carr, then in life, made and executed her last will and testament; that by said will she gave and bequeathed five hundred dollars to the said plaintiff and five hundred dollars to Charles B. Hight; that the said Charles B. Hight was also a grandson of the said Caroline E. Carr, and died after the execution of said will and before the death of the said testatrix, Caroline E. Carr, leaving no lineal descendants; that by said will the said Caroline E. Carr devised to one William H. Carr, who was her husband, a life estate in the property of which she died seized, and all the rest, residue and remainder of her estate, both real and personal, other than the legacies and devise above mentioned, she gave, bequeathed and devised by said will to the said

defendant, Arthur E. Carr; that on the 20th day of January, 1912, the said plaintiff, Arthur Glenn Hight, and the said defendant, Arthur E. Carr, entered into a contract in writing, whereby the said plaintiff, Arthur Glenn Hight, in consideration of the sum of seven hundred and fifty dollars, paid to the said plaintiff by the said Arthur E. Carr at the time of the execution of said contract, promised and agreed to and with the said defendant, Arthur E. Carr, to accept the payment of said sum of seven hundred and fifty dollars in full payment and satisfaction of any and all right, title and interest, to which in the absence of said contract, he might have been entitled, upon the death of the said Caroline E. Carr, in her estate by virtue of said will or otherwise, and in full payment and satisfaction of any and all interest in her estate to which he, the said plaintiff, might become entitled upon the death of the said Caroline E. Carr, in the absence of said contract, as her heir or descendant, should the said will be revoked by the said Caroline E. Carr, and she should die intestate." A copy of said contract is made a part of this paragraph of answer but it need not be here set out as its terms and provisions are substantially in the language of the pleading. It is further alleged, in the second paragraph of answer: "That the said Charles B. Hight and the said William H. Carr both died before the execution of said contract and that at the time of the execution of said contract the said plaintiff and the said defendant were the only and sole surviving heirs at law and the sole and only surviving beneficiaries of said will; that the said plaintiff, Arthur Glenn Hight, accepted said sum of seven hundred and fifty dollars, so paid to him as aforesaid, and still retains the same; that the said Caroline E.

Carr, at the time of the execution of said contract, was of unsound mind; that the said plaintiff, at the time of the execution of said contract and the payment to him and acceptance by him of the said sum of seven hundred and fifty dollars, well knew that the said Caroline E. Carr was of unsound mind and had full knowledge of her mental condition at that time; that said plaintiff well knew, also, at the time of the execution of said contract, that his grandmother, the said Caroline E. Carr, had executed said will and had bequeathed him thereby the sum of five hundred dollars and no more, and that by the express terms of said will he had no right, title or interest in her estate, other than said legacy of five hundred dollars; that the said will is the same indentical will mentioned in plaintiff's complaint and which he seeks to contest in this proceeding.

"Wherefore, said defendant says that said plaintiff has no right, title or interest in the estate of the said Caroline E. Carr, deceased, and no right to maintain this action."

A demurrer to this pleading was overruled and that ruling is questioned by appellant as being in conflict with the decisions of this court in the cases of *McClure* v. *Raben* (1893), 133 Ind. 507, 33 N. E. 275, 36 Am. St. 558; Id. (1890), 125 Ind. 139, 25 N. E. 179, 9 L. R. A. 477. There can be no doubt that the contract between appellant and appellee may be construed as an attempt to sell and assign an expectant interest in the estate of an ancestor. Such assignments at common law are inoperative under the general rule that a possibility, coupled with no present or vested interest, cannot be assigned, since a person cannot sell that which does not belong to him, either in possession or by vested right, but which

he merely hopes to acquire in the future.    5 C.
J. 858;  *McClure* v. *Raben*, 125 Ind. 139, *supra;*
*Whelen* v. *Phillips* (1892), 151 Pa. 312, 322, 25 Atl. 44.

It was further held in the case of *McClure* v.
*Raben, supra:* (1) That contracts of that character
"are regarded by the law with disfavor, and are
presumed to be founded in fraud or oppression,
so much so that one who attempts the enforcement
of such a contract must allege and prove that there
was neither fraud nor oppression, before he is entitled
to any consideration."    (2) That "it must be made
to appear,   * * *   that the ancestor holding
the estate should be informed of such contract,
and should give his or her assent to the same."
(3) That the fact that the ancestor was of unsound
mind at the time of the deed by an heir of his
expectant interest in the estate does not affect the
rule that such a deed or contract of assignment
is void unless made with the assent of the ancestor.
Under the rules thus announced it is clear that the
second paragraph of answer is insufficient, at least
for its failure to show consent on the part of the
ancestor, and the demurrer thereto should have
been sustained.

The third paragraph of answer contains, in sub-
stance, many of the allegations of the second,
although not expressly relying on the written
contract, and appellee now claims that, under the
facts presented, appellant is estopped to con-
test or question the validity of the will, under the
rule that a beneficiary who, with knowledge of the
circumstances under which the will was made and
with full knowledge of the facts existing at the time
of the receipt of the legacy, accepts and retains such
legacy is estopped to contest such will.    *Crawfords-
ville Trust Co.* v. *Ramsey* (1912), 178 Ind. 258,
98 N. E. 177; *Starkey* v. *Starkey* (1905), 166 Ind.

140, 146, 76 N. E. 876; *Lee* v. *Templeton* (1881), 73 Ind. 315, 324. A demurrer to this pleading was sustained and that ruling is challenged by appellee. The same contentions are made, however, relative to the action of the trial court in sustaining a demurrer to the fourth paragraph of answer, which specifically pleads an estoppel on the ground of acceptance and retention by appellant of a legacy given to him by the terms of the will which he now attacks, and we shall pass their consideration for the moment. The more particular allegations of the third paragraph are open to the construction that they charge an estoppel growing out of an equitable assignment by appellant of his expectant interest in the estate of his grandmother. It is true that equity will sometimes support "assignments of contingent interests and expectancies; things which have no present actual existence but rest in mere possibility, not indeed as a present positive transfer operating *in praesenti*, for that can only be of a thing *in esse*, but as a present contract to take effect and attach as soon as the thing comes *in esse.*" *East Lewisburg, etc., Co.* v. *Marsh* (1879), 91 Pa. 96, 99. Appellee relies on this doctrine and invokes its application in this case under the authority of *McAdams* v. *Bailey* (1907), 169 Ind. 518, 82 N. E. 1057, 13 L. R. A. (N. S.) 1003, 124 Am. St. 240; *Eissler* v. *Hoppel* (1901), 158 Ind. 82, 62 N. E. 692; *Brown* v. *Brown* (1894), 139 Ind. 653, 39 N. E. 152.

It is unnecessary for us to consider these cases in detail for the reason that in each instance the court distinguished the case then under consideration from the McClure-Raben cases, *supra*. It may be conceded, however, that the case of *McAdams* v. *Bailey, supra*, is authority for the proposition that courts of equity will uphold a specific assignment

of a mere possibility, which is based on a valuable consideration, *"where the enforcement of the agreement would not contravene their own rules or public policy,* the underlying theory being that where there is a duty to convey the agreement will be given force as an executory contract." (Our italics.) In each of the McClure-Raben cases, however, this court expressly held that a contract for the sale of an expectant interest in the estate of an ancestor, when made without the knowledge and consent of such ancestor, is against the public policy of this State and void in law. Such a contract,

2. even under the decisions relied on by appellee, will not be upheld in equity. Considered then in the light of these decisions, the third paragraph of answer does not state a cause of defense to appellant's complaint and the demurrer thereto was properly sustained.

The fourth paragraph of answer, however, in effect treats the transaction between appellant and appellee as a payment by the residuary legatee of a specific bequest charged against the estate of the testatrix and alleges the acceptance and retention of such bequest by its recipient. As said in Bigelow on Estoppel, 503: "A party cannot occupy inconsistent positions; and where one has an election between several inconsistent courses of action, he will be confined to that which he first adopts. Any decisive act of the party, done with knowledge of his rights and of the facts, determines his election and works an estoppel." Appellant was charged with knowledge of his legal

3. rights and if, with actual knowledge of all material facts and circumstances surrounding the execution of the will and his subsequent action, he elected then to accept, as such, compensation for the legacy given him by such will, he is now

estopped to deny the validity of that instrument without first restoring the benefit received, unless his election has been induced by fraud, in which case he may rescind such election by restoring the benefits received. The demurrer to the fourth paragraph of answer should have been overruled.

Judgment reversed, with instructions to sustain the demurrer to the second paragraph of appellee's answer, to overrule the demurrer to the fourth paragraph of such answer, and for further proceedings not inconsistent herewith.

NOTE.—Reported in 112 N. E. 881. Sale or assignment of expectancy by prospective heir, validity, 25 L. R. A. (N. S.) 436, 438; 56 Am. St. 339; 4 Cyc 15. See under (3) 16 Cyc 785; 40 Cyc 1245.