LEVY ET AL. *v.* STATE OF INDIANA, EX REL. REMY, ETC.

[No. 12,346. Filed June 25, 1926. Rehearing denied November 5, 1926. Transfer denied December 15, 1926. Petition to reconsider denied January 11, 1928.]

1. PLEADING.—*Plea in abatement is not favored by the courts and must be certain in every particular; it must not only point out plaintiff's error, but must show him how to avoid it by amendment.*—A plea in abatement is regarded unfavorably by the courts and must be certain in every particular; it must not only point out plaintiff's error, but it must show him how to avoid it in the amendment of his pleading, or in another suit. p. 669.

2. PLEADING.—*Plea in abatement merely stating the conclusion that court did not have jurisdiction over the defendants is insufficient on demurrer.*—A plea in abatement merely stating the conclusion that the court had no jurisdiction over the defendants, without stating any facts in support of such conclusion, is insufficient on demurrer. p. 669.

3. INTOXICATING LIQUORS.—*Motion to make complaint more specific in suit to enjoin maintenance of liquor nuisance properly overruled.*—A suit to enjoin the maintenance of a liquor nuisance because of the repeated violation of the prohibition law may be maintained although the parties guilty of such offense have not been convicted thereof, and an averment in a com-

plaint that such persons had been convicted on certain dates was not a necessary averment, from which it follows that a motion to require the complaint to state whether there had been an appeal from such convictions was properly overruled. p. 672.

4. PLEADING.—It is never reversible error to overrule a motion to strike out part of a pleading. p. 672.

5. COURTS.—*Marion Superior Court has jurisdiction of suit to enjoin the maintenance of liquor nuisance.*—Under §§1536, 1543 Burns 1926, §§1472, 1479 Burns 1914, the Marion Superior Court has jurisdiction of a suit to enjoin the maintenance of a liquor nuisance as defined in the prohibition law. p. 673.

6. INJUNCTIONS.—An action for an injunction is a civil action. p. 673.

7. INTOXICATING LIQUORS.—*Complaint to enjoin two defendants from maintaining liquor nuisance held sufficiently to show knowledge of both as to illegal use of the premises.*—In an action to enjoin two defendants from maintaining a liquor nuisance, a complaint charging both of them with repeated violations of the prohibition law and expressly averring that they both knowingly permitted the nuisance to be maintained, sufficiently averred knowledge of both as to the illegal use of the premises. p. 673.

8. APPEAL.—*Admission of incompetent evidence will not be reviewed on appeal unless assigned as ground for new trial.*—The alleged admission of incompetent evidence will not be reviewed on appeal where it was not assigned as a ground for a new trial. p. 674.

9. EVIDENCE.—*Certified copies of the records showing convictions of defendants for violations of prohibition law were not necessary in action to enjoin maintenance of liquor nuisance.*—In an action to enjoin the maintenance of a liquor nuisance on the theory that the defendants had permitted repeated violations of the prohibition law, certified copies of the records showing convictions for such violations were not necessary, although the complaint averred such convictions, as the averment was unnecessary. p. 674.

10. INTOXICATING LIQUORS.—*Evidence held sufficient to justify finding both defendants had knowledge of violations of prohibition law constituting a liquor nuisance.*—Evidence *held* sufficient to show that defendant knew that his codefendant was violating the prohibition law where their residences were only eight feet apart, and the codefendant had been convicted several times of having intoxicating liquor in his residence, which was fitted up with pipes and appliances for dispensing liquor, including a barrel found buried in the narrow passage between

the two houses, especially where the defendant failed to take the stand and deny that he had any knowledge of the law violations.   p. 674.

11.   EVIDENCE.—*In action against two defendants for maintaining liquor nuisance, evidence warranted inference that both defendants knew of the law violations constituting the nuisance.* —In an action against two defendants to abate a liquor nuisance, where one of the defendants failed to take the stand and deny that he had knowledge of his codefendant's violations of the prohibition law which constituted the nuisance, an inference was warranted that his testimony would have disclosed knowledge of the unlawful use of the premises.   p. 674.

From Marion Superior Court (A 24,043) ; *William P. Evans,* Special Judge.

Action by the State of Indiana on the relation of William H. Remy, prosecuting attorney, against Isaac Levy and another.   From a judgment for plaintiff, the defendants appeal.   *Affirmed.*   By the court in banc.

*Jackiel W. Joseph* and *Jacob Morgan,* for appellants. *Ethan A. Miles* and *Jesse E. Martin,* for appellee.

NICHOLS, J.—Action by appellee for an injunction against the operation of a nuisance, to abate the same and to close the residence property occupied by appellant Levy, and owned by him jointly with appellant Assael, because of alleged liquor law violations.

The court sustained a demurrer by appellee to appellants' plea in abatement, overruled appellants' motion to make the complaint more specific, overruled appellants' motion to strike out parts of the complaint, overruled appellants' respective demurrers to the complaint, and, at the conclusion of the evidence, found that appellant Levy kept and maintained a common nuisance, that both appellants owned the property, enjoined both appellants from further conducting the house in violation of law, ordered it closed for one year and rendered judgment for an attorney fee of $100 and the costs against appellant Levy.

Appellants' separate and several motions for a new trial were overruled. Each of the foregoing rulings of the court is assigned by appellants as error.

Appellants separately and severally moved the court to abate the action and to quash the service and summons, for the reason that the superior court of Marion county had no jurisdiction over appellants in the action sought to be prosecuted against them.

It is well established that a plea in abatement, being a dilatory plea, is regarded unfavorably by the courts as having the effect of excluding the truth, and that therefore it must be certain in every particular. It must not only point out the plaintiff's error, but must show him how to avoid it in the amendment of his pleading, or in another suit. "It must give the plaintiff a better writ." _Needham_ v. _Wright_ (1895), 140 Ind. 190, 194, 39 N. E. 510; _Brown_ v. _Underhill_ (1891), 4 Ind. App. 77, 30 N. E. 430. The plea in this case merely states the conclusion of the pleader that the court had no jurisdiction of appellants, without in any way pointing out the reasons for such conclusion. It wholly fails "to give the plaintiff a better writ." Such a plea is not good against demurrer for want of facts.

It is averred, in substance, in the complaint that appellants at all times mentioned were the owners as tenants in common of the real estate used for the alleged unlawful purpose. That a building has been during all the time located thereon known as number 1025 South Capitol avenue in the city of Indianapolis, Indiana, and that appellant Levy has been the occupant of said real estate and using and occupying the same as a dwelling. That on and since September 18, 1923, and prior thereto and at the present time, malt, vinous and spiritous liquor, which liquor contained and contains more than one-half of one per cent. of alcohol by vol-

ume, has been and now is kept by appellants on said real estate and in the said building located thereon, for sale, barter and delivery, in violation of the laws of the state. That at all of said times such intoxicating liquor has been and now is sold, bartered and given away in violation of law in said building and upon said real estate. That at all of the times aforesaid, persons have been and now are permitted by appellants to resort to said real estate and the said building, for the purpose of drinking as a beverage intoxicating liquor containing more than one-half of one per cent. alcohol by volume, and also for the purpose of purchasing such liquor. That, at all of said times, and at the present time, said intoxicating liquor has been and now is kept by appellants on said real estate and in said building, to be drunk as a beverage by persons other than appellants, which said persons, prior to entering said premises, have had and have no right or ownership in such liquor. That, by reason of each of the facts aforesaid, a common nuisance has been created and maintained and now exists on said real estate and in said buildings. That appellants, in keeping and operating said nuisance and said unlawful business, use numerous articles of household and other articles of personal property, all of which are now situated in said building. That on October 15, 1923, and again on November 24, 1923, appellant Levy was convicted in the city court of Indianapolis, of so having said intoxicating liquor in his possession in violation of law, in and about said building. That appellants have, at all times herein mentioned, knowingly permitted said nuisance to be maintained, and have permitted and now permit each and all of the acts, matters and things above set out on said real estate and in said building, and that they will continue so to operate said real estate and said building, unless enjoined by the court, and the relator has no adequate remedy at

law. That relator has been compelled to employ counsel to bring and prosecute this action, and a reasonable fee for his said attorneys is $150. There is a prayer for a restraining order, a temporary injunction and that, upon final hearing, appellants be permanently and perpetually enjoined from manufacturing, selling, bartering or giving away or furnishing or otherwise disposing of intoxicating liquor in and about said building, premises or any part thereof, and from permitting any person or persons to resort to or on said premises for the purpose of drinking intoxicating liquors as a beverage; and from keeping for sale, barter or delivery any intoxicating liquors in violation of law, and that said nuisance be permanently and perpetually abated, and that all buildings on said premises be ordered to remain unoccupied and unused for one year thereafter, and for judgment against appellants for $150 attorney's fee, and for all other relief.

Appellants, by their motion to make more specific, ask that appellee be required to state whether the convictions averred in the complaint were under §20 of Acts 1917 p. 25, being §8356t Burns' Supp. 1918, and as to whether there has been any appeal therefrom. If we understand appellants' contention, it is that no action will lie under §21 of said act to abate a nuisance as defined in said §20, unless there has been a final conviction under said §20. This section is as follows: "Any room, house, building, boat, structure or place of any kind where intoxicating liquor is sold, manufactured, bartered or given away in violation of law, or where persons are permitted to resort for the purpose of drinking intoxicating liquor as a beverage, or any place, building or club where such liquor is kept to be drunk as a beverage by the members thereof or any other persons, or any place where such liquor is kept for sale, barter, or delivery in violation of the laws of

this state, and all intoxicating liquor and all property kept in and used in maintaining such a place, are hereby declared to be a common nuisance; and any person who maintains or assists in maintaining such common nuisance shall be guilty of a misdemeanor and upon conviction shall be fined not less than one hundred ($100) dollars nor more than five hundred ($500) dollars and imprisoned in the county jail for not less than thirty (30) days nor more than six (6) months."

Section 21 provides that the attorney general, prosecuting attorney, or any citizen of the county where such nuisance as defined in §20 exists or is kept or maintained may maintain an action in the name of the State of Indiana to abate and perpetually enjoin such nuisance.

It is to be observed that §20 does not provide that a place where there has been a conviction for the violation of the liquor law shall constitute a nuisance, but that a place where the liquor law is being violated constitutes such nuisance. There may have been no conviction of a violation, yet if such violation is averred and proved, a nuisance may be abated and perpetually enjoined under the provisions of §21. The averments in the complaint as to the convictions, while proper, were not necessary averments to make the complaint good against demurrer. Continuous violations of the liquor law, of which the violations for which there had been convictions were a part, are averred. There was no error in overruling the motion to make the complaint more specific.

It is well settled that it is never reversible error to overrule a motion to strike out part of a pleading. *Rooker* v. *Fidelity Trust Co.* (1921), 191 Ind. 141, 131 N. E. 769. We therefore give no consideration to appellants' contention in that regard.

Presenting that the court erred in overruling appellants' respective demurrers to the complaint, they contend that the superior court of Marion county had no jurisdiction to hear and determine the matters and things in the complaint set out. But we cannot agree with this contention. Section 1472 Burns 1914, §1536 Burns 1926, provides with reference to the Marion Superior Court, so far as here involved, that said court, within and for the county or counties in which it may be organized, shall have original concurrent jurisdiction with the circuit court in all civil causes except slander; and §1479 Burns 1914, §1543 Burns 1926, provides that: "The judges of said court, any one of them, shall have the same power, in term or in vacation, to grant restraining orders, injunctions * * * as is now, or may hereafter be conferred on judges of circuit courts." It is to be observed, of course, that this is an action for injunction, and such actions are civil actions. *Owens* v. *Phillips* (1881), 73 Ind. 284. That by these sections of the statute, the superior court of Marion county had jurisdiction to hear and determine this cause of action is so clear that no construction of the statutes is required. However, they have been so construed. See *Martin* v. *Marks* (1900), 154 Ind. 549, 57 N. E. 249.

We have already held that the averments of the complaint with reference to the convictions of appellant Levy were not necessary to make the complaint good, and it follows, of course, that it was unnecessary to aver that such convictions were unappealed from. Appellant Assael, by his separate demurrer, challenges the sufficiency of the complaint for the reason that, as appellant says, it fails to aver knowledge on the part of said appellant as to the illegal use of the premises. But the complaint is not defective

in this regard. In every allegation of law violation, both appellants are charged with the offense, and it is expressly charged that both appellants knowingly permitted the nuisance to be maintained. We hold that the court did not err in overruling appellants' respective demurrers to the complaint.

Under appellants' motion for a new trial, we do not consider their contention that the court erred in admitting parol evidence of former convictions, and 8, 9. evidence of the bad reputation of the place, for the reason that no such questions are presented in the motion for a new trial. The only question there presented is the sufficiency of the evidence to sustain the decision of the court. Under this assignment, appellants say that there was a failure of proof because no certified copies of former convictions were read in evidence. But these were not required where the theory of the complaint was that there had been violations of the prohibition statute, and not that there had been convictions for such violations. Had the latter theory been the one adopted, and had the convictions been unappealed from, certified copies of such convictions would have been *prima facie* evidence of the existence of such nuisance. §21, *supra.*

Finally, appellant Assael says that there was no evidence that he had knowledge that the place was being operated as a nuisance. The following summary 10, 11. of the evidence in this regard is given by appellee, and unchallenged by appellant Assael: "Assael bought the property in question, raising the money by a mortgage on it and his own property adjoining. The title was taken by both appellants as tenants in common, Levy being the son-in-law of Assael. The two appellants occupied the two properties, the houses being only eight feet apart. Officers were in the home at least twice, finding evidence of liquor law

violations and Levy was twice convicted in the city
court, receiving a fine of $300 and a sentence of ninety
days imprisonment in one case and a fine on the other
occasion, one case being appealed to the criminal court,
a trial had and the case taken under advisement. On
one visit by the officers, they found a bottle of 'white
mule' whisky in a kitchen safe, two bottles in the baby
crib, a drunkard in the house with a bottle of booze in
his pocket, and a bootlegger entered without knocking
while the officers were there; a barrel was found buried
in the narrow passage between the two houses, not more
than four feet from appellant Assael's home. This
barrel had two pipes connecting with the basement of
Levy's home and running up inside the weather board-
ing to a sill in a window in a small room adjoining the
kitchen; one of these pipes was fitted up for the attach-
ment of an air pump which the officers found in the
room, and all so adjusted that the forcing of air into
the barrel would drive the whisky out at a faucet on
the end of the other pipe. These pipes were not in the
house when Assael bought the same. The barrel had
not long been buried there. Empty bottles were found
also, which, as well as the pipes, smelled of 'white mule'
whisky. The reputation of the place was that of a place
where intoxicating liquors were kept for sale and where
people resorted for the purpose of drinking intoxicating
liquor." Appellant Assael, living as he did in the ad-
joining house, within eight feet of the house occupied
by Levy, and being a party defendant in this action,
failed to take the stand as a witness in his own behalf
and deny that he had any knowledge of the bootleg-
ging business being conducted in his property. Having
so failed, the presumption is that his evidence would
have shown knowledge of the unlawful purpose for
which the house was being occupied. Under these cir-
cumstances, the court might reasonably infer that

Assael was fully informed that his son-in-law was violating the liquor laws of the state. A landlord may not shut his eyes and close his ears, and remain ignorant of what is notorious among his neighbors. *Voght* v. *State* (1890), 124 Ind. 358, 24 N. E. 680; *Graeter* v. *State* (1886), 105 Ind. 271, 4 N. E. 461; *Pierce* v. *State* (1887), 109 Ind. 535, 10 N. E. 302; *Littleton* v. *Harris* (1887), 73 Iowa 167; Woollen & Thornton, The Law of Intoxicating Liquors §588.

The evidence sustains the finding of the court. We find no reversible error.

The judgment is affirmed.