VAN NUYS *v.* UNION INSURANCE COMPANY

[No. 16,191.   Filed February 13, 1940.   Rehearing denied June 19, 1940.   Transfer denied September 18, 1940.]

George M. Barnard, of Indianapolis; and C. C. Hendren, of Bloomfield, for appellant.

Allen G. Pate, of Bloomfield, for appellee.

DEVOSS, C. J.—This was an action by appellee (plaintiff) against Paul Osburn and Frederick Van Nuys in the Greene Circuit Court. The complaint was originally filed against Paul Osburn, and thereafter by leave of court an amended complaint was filed naming Frederick Van Nuys appellant herein and said Paul Osburn as defendants.

Appellant, by counsel, entered a special appearance in the cause, and filed an amended plea in abatement therein, to which amended plea in abatement the appellee filed a demurrer, which was sustained by the trial court. Appellant thereafter filed a second amended plea in abatement which was stricken out by the court on motion of appellee (plaintiff). Appellant refusing to plead further to the complaint, the cause was submitted to the court for trial upon the amended complaint, the answer of defendant Paul Osburn and such refusal to plead by appellant.

The trial court found for appellee against appellant Frederick Van Nuys and for Paul Osburn, and rendered judgment against appellant in the sum of $250.00 and for Paul Osburn accordingly. This appeal followed.

The only properly assigned errors are as follows: (1) error in sustaining appellee's demurrer to amended plea in abatement; (2) error in sustaining the appellee's motion to strike and expunge from the record, the appellant's second amended plea in abatement; (3) error in striking out and expunging from the record,

the appellant's second amended plea in abatement; and
(5) the court did not have jurisdiction of the person
of the appellant.

Appellee in its brief insists first that the appeal be
dismissed for the reason that Paul Osburn, a defendant
in the trial court, is not named as a party in the assign-
ment of errors. The record discloses that notice of the
appeal was served upon Paul Osburn, but he is not
named in the assignment of errors, either as a party
appellant or appellee.

Paul Osburn was a codefendant of appellant, but
was not a coparty to the judgment appealed from. The
verdict of the jury and the judgment of the
court were against appellant but in favor of his
codefendant Osburn, and Osburn has no interest
in the judgment from which this appeal is taken. In
the case of *Southern R. Co.* v. *Elliott* (1908), 170 Ind.
273, 276, 82 N. E. 1051, a circumstance similar to the
instant case existed, and the court in denying the motion
to dismiss the appeal said: "They (co-defendants of
appellant for whom judgment had been rendered) are
neither necessary nor proper parties." Citing the fol-
lowing cases: *Easter* v. *Severin* (1881), 78 Ind. 540;
*Berghoff* v. *McDonald* (1882), 87 Ind. 549; *Lowe* v.
*Turpie* (1897), 147 Ind. 652, 692, 44 N. E. 25, 47 N. E.
150, 37 L. R. A. 233.

There is no merit in appellee's contention that the
appeal be dismissed, and the same is overruled.

The amended plea in abatement filed alleges that at
the time the complaint was filed and continuously ever
since appellant was not a resident of Greene County,
Indiana, but was a resident of Marion County, Indiana,
and had his usual and only place of residence in said
Marion County. That he never had any agent or place
of business in Greene County and that this action did

not grow out of and was not connected with any business or transaction of any agency of appellant in Greene County. That the complaint does not allege any joint liability of appellant with any defendant in this cause nor with Paul Osburn, and that there is no such liability. That the complaint does not charge any liability arising out of any contract of appellant with any other defendant in said cause or out of any act or breach of duty of appellant in common or jointly with any other defendant, and that appellant is not liable to appellee by reason of any such contract, conduct or breach of duty. That any liability of appellant under the complaint is wholly independent of any liability of any other defendant herein.

That this action was commenced in Greene County and is now pending there and not in the county wherein this appellant resided and now resides.

That the complaint herein shows upon its face that the appellant is improperly joined as a defendant with Paul Osburn, defendant, and that the cause of action asserted against appellant in the complaint is a cause in which no other defendant has any interest, and that no cause of action is asserted against any other defendant. Appellant prays that this cause abate as to him.

The demurrer to this plea in abatement was upon the grounds that the plea does not state facts sufficient to abate the action stated in plaintiff's amended complaint.

The question presented on the issues raised by the plea in abatement and demurrer and ruling of the court thereon and to be determined is not whether the Greene Circuit Court had jurisdiction of appellant, but whether it *appears from the plea in abatement* that said Court had no such jurisdiction.

A plea in abatement is a dilatory plea and as such is regarded unfavorably by the courts, as having the effect of excluding the truth, and therefore it must be certain in every particular. It must not only point out the plaintiff's error but must show him how to avoid it in the amendment of his pleading or in another suit. It must give the plaintiff a better writ. *Levy* v. *State ex rel.* (1928), 86 Ind. App. 666, 152 N. E. 873; *Needham* v. *Wright* (1895), 140 Ind. 190, 194, 39 N. E. 510; *Brown* v. *Underhill* (1891), 4 Ind. App. 77, 30 N. E. 430; *Watts, Trustee* v. *Sweeney* (1891), 127 Ind. 116, 26 N. E. 680.

The Statute of Indiana provides that:

"Any person may be made a defendant who has, or claims, an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved." § 2-219, Burns' 1933.

Section 2-222, Burns' 1933 provides:

"The court may determine any controversy between the parties before it, when it can be done without prejudice to the rights of others or by saving their rights; but when a complete determination of the controversy can not be had without the presence of other parties, the court must cause them to be joined as proper parties. . . ."

There is no allegation in the plea in abatement that the appellant is not a necessary party to a complete determination of the question involved, and as determined by this court on numerous occasions it is necessary that the plea in abatement must anticipate, exclude and negative all such supposable facts as would, if alleged by the appellee, have defeated the plea. This the plea in abatement herein does not do, neither does such plea give a "better writ" to appellee, except by inference.

Our statute relative to the venue of cases provides specifically where certain classes of cases shall be commenced, naming them, and then states:

"In all other cases, the action shall be commenced in the county where the defendants, or one (1) of them, has his usual place of residence. . . ." § 2-707, Burns' 1933.

Appellant contends that a person cannot be compelled to defend, in a county other than that of his residence, a case upon its merits, in which he is solely liable, and cites the case of *Moore-Mansfield, etc., Co.* v. *Marion, etc., Co.* (1913), 52 Ind. App. 548, 101 N. E. 15. As a legal proposition that is true, but the question here involved is the sufficiency of the plea in abatement.

The defendant herein, Osburn, was in contemplation of law such a resident of Greene County that he could be sued in the courts of that County, and this authorized, when he was so sued, the issuance of process to Marion County as to appellant, the place of his residence, if he was a necessary party to the complete determination of the controversy. The plea in abatement presents no question of fraud or want of good faith in the bringing of this suit in Greene County against both defendants, and as stated in the case of *Pike County Coal Co.* v. *Farrabee, Admx.* (1923), 79 Ind. App. 210, 212, 137 N. E. 680, "Had there been any element of fraud, or of bad faith in the bringing of this suit at the place and in the manner it was brought, quite a different question would have been presented for our consideration."

Under the strict requirements of a plea in abatement, as fixed by the courts of Indiana, we do not deem the plea in abatement herein sufficient to withstand a demurrer.

Appellant next complains of the action of the trial court in striking out his second amended plea in abatement. The motion to strike out the second amended plea in abatement was in writing and alleged substantially that this second amended plea in abatement and the causes alleged therein are identical as heretofore pleaded in his original plea and in his amended plea, to which a demurrer had been heretofore sustained by the court; that it alleged no new matter which arose after the filing of his two former pleas, and that the facts alleged in this second amended plea were in existence and known to the defendant at the time of filing his two former pleas in abatement.

The trial court does not indicate his reasons for striking this plea from the record. The transcript does not include the original plea in abatement herein, but it is evident that three separate pleas in abatement were filed. No action of the court is disclosed as to the original plea, the amended plea was filed and considered on demurrer thereto, and then the second amended plea in abatement was stricken from the record.

Our statute relative to sham pleadings provides:

> "An answer or other pleading shall be rejected as sham, either when it plainly appears upon the face thereof to be false in fact and intended merely for delay . . ." § 2-1054, Burns' 1933.

The court must of necessity have some discretionary power in the matter of rejecting pleadings. If the pleader is in possession of all the facts when his original plea in abatement is filed, certainly he cannot, when a demurrer is sustained thereto, continue to file amended pleas in abatement and insert one or two additional averments known at the time the original plea was filed, and then upon an adverse ruling continue to file amended pleas in abatement and insert

such other additional allegations. Such a procedure would indefinitely delay the forming of issues and the trial of the cause on its merits.

In view of the fact that under the statute and decisions of the courts, pleas in abatement are regarded as dilatory pleas and are looked upon with askance by the courts, we do not find any error of the trial court in striking out said second amended plea in abatement as being filed merely for delay. All of the allegations stated in this second amended plea could have been inserted in the original or in the first amended plea in abatement.

Since no error was committed by the trial court in the ruling on the demurrer to the amended plea in abatement and in striking out the second amended plea, it follows there was no error in entering judgment against defendant.

Assigned error number 5 is not discussed in the brief of appellant, and under the rules of this court the same is waived.

Finding no reversible error herein the judgment is affirmed.

NOTE.—Reported in 25 N. E. (2d) 280.