BOWES ET AL. *v.* LAMBERT ET AL.

[No. 17,104. Filed November 4, 1943. Rehearing Denied December 16, 1943. Transfer Denied January 24, 1944.]

*Moran & Abramson,* of Portland, *Ed C. Hays,* of Marion, and *James P. Murphy,* of Fort Wayne, for appellants.

*Charles L. Shadle, J. F. Charles* and *Robert F. Charles,* all of Marion, for appellees.

DRAPER, J.—This is an action brought by the appellee Lambert against his co-appellee and the appellants Bowes, executrix, and Morgan, to set aside and revoke the probate of the last will and testament of Beatrice Mary Klaus Lambert, deceased.

The complaint alleged, among other things, that on the day of the execution of said pretended will the testatrix was of unsound mind and incapable of making a will, and the case was tried on that theory. The appellants separately answered in general denial and separately filed second paragraphs of answer which are so similar that they may be considered together. The strongest alleges that according to the terms of the will the appellee Lambert, husband of the testatrix, was to receive one-third of the estate and the appellant Morgan, her brother, was to receive two-thirds;

that twenty-two days after the death of the testatrix and ten days after the will was admitted to probate the appellee Lambert, with full knowledge of decedent's condition of mind when the will was executed and all of the conditions under which it was executed and for the purpose of settling the estate, entered into a written agreement with the appellant Morgan which recited that whereas they were devisees under the will, the personal property had been inventoried, and they desired to purchase the personal property at private sale for cash in order to save same from public auction, it was agreed that Lambert would take property of the value of $540.00 and Morgan would take property of the value of $80.00, and it was further agreed that each would receipt the executrix therefor as a 'part of their distributive share of said estate on final settlement. It is further alleged that the executrix was informed and approved of the agreement and solely because of it had taken the receipts and turned the property over to the two, who had each accepted it as part of his distributive share as legatee under the will. That Morgan had since given away the property received by him to persons unknown to the executrix, and that because of the premises Lambert should be estopped from contesting the will. Demurrers for want of facts were sustained and the appellants claim error.

The appellants by this answer undertake to assert an estoppel. They say that the appellee Lambert, by accepting an amount of personal property and yielding an amount to Morgan, all with full knowledge, elected between inconsistent courses of action and will be confined to that which he adopted.

The appellee mentions many particulars in which he claims the answer was deficient but it will be nec-

essary to discuss only one of them. Estoppels are not favored in the law. It has frequently been said that they are odious, 31 C.J.S. p. 193, § 4. The doctrine springs from equitable principles, and is designed to aid the law in the administration of justice where without its aid injustice might result. *The State of Indiana* v. *Mutual Life Insurance Company of New York* (1910), 175 Ind. 59, 93 N. E. 213. It is purely a defensive weapon, its purpose being to preserve rights previously acquired, and not to create new ones. " '. . . Its use is as a shield, and not as a sword.' " It should never be invoked as an instrument of gain but should be confined to saving harmless or making whole the party in whose favor it arises. *Sherrick* v. *The State* (1906), 167 Ind. 345, 362, 79 N. E. 193. One of the essential elements of estoppel is that the one asserting it has, because of his reliance upon the conduct of the other party, acted upon it in such a manner as to change his position for the worse. *General Realty Company* v. *Silcox* (1926), 84 Ind. App. 451, 146 N. E. 408. See also 31 C.J.S. p. 276, § 74. The answers do not allege such a worsening of appellants' position with regard to the setting aside of the probate of the will as to entitle them to assert an estoppel in this action brought for that purpose. The demurrers were properly sustained. Whether the doctrine might be successfully invoked by the appellants in defense of an action by Lambert (after the setting aside of the probate of the will) to recover from them, or either of them, the property delivered by the executrix and received by Morgan under the terms of the agreement, or its value, is a question not before us.

Neither the appellee Lambert nor the appellant Morgan testified in the case, although both had lived with

the testatrix about the same length of time and until her death. The record is silent as to any reason for the failure of either to testify. The appellants, while claiming that the failure of Morgan to testify was unimportant, seek to invoke the rule which we state generally as follows: Where a party has the power and opportunity of producing a witness, presumably favorable to him, who could further enlighten the court or jury, his failure to produce such witness gives rise to an inference that such witness if produced would give testimony unfavorable to the party failing to produce him. As we understand appellants' position, they believe we should consider this matter in connection with the assigned error that the verdict is not sustained by sufficient evidence and is contrary to law. It has been held that a carefully worded instruction involving the rule above stated may be given in a proper case, and that the jury has a right to consider such a situation in weighing the evidence. *Indiana Union Traction Company* v. *Scribner, Administrator* (1911), 47 Ind. App. 621, 93 N. E. 1014. However, no complaint is made with regard to the instructions given or refused, and in fact the rule sought to be invoked has no application to this case, for this is not a case where either side failed to produce available evidence, but is a case where the parties themselves failed to testify as to material facts within their knowledge. The unexplained failure of a party to testify concerning facts peculiarly within his knowledge may give rise to an inference that had he testified, his testimony would have been unfavorable to his cause. *Levy et al.* v. *State ex rel. Remy* (1928), 86 Ind. App. 666, 152 N. E. 873. *Great American Tea Company* v. *Van Buren et al.* (1941), 218 Ind. 462, 33 N. E. (2d) 580. The

circumstance is one for the consideration of the court or jury in drawing reasonable inferences from the facts established. *Great American Tea Company* v. *Van Buren, et al., supra.* See also 31 C.J.S., p. 860, § 156d. We fail to see how the failure of the appellee Lambert to testify in this case could support appellants' contention that the verdict is not sustained by sufficient evidence or that it is contrary to law, and in any event the rule would in this case work as much against the one party as the other.

It is asserted that the evidence is insufficient to support the verdict of the jury, which contention requires an examination of all of the evidence in the case, and we are reminded that although we may not weigh the evidence, it is nevertheless our duty to reverse if there is no evidence to support the verdict on any material point. See *Pierson* v. *Simmons, Trustee, et al.* (1938), 104 Ind. App. 521, 12 N. E. (2d) 369. We cannot persuade ourselves that we are required to set out the evidence which tends to support the verdict of the jury in this case. We have read it, considered it and heard it argued, and it is, in our opinion, abundant to the extent that it would be impossible to condense it within a reasonable space in this opinion. To recount it here and apply to it rules of law well known and well settled in this state could serve no useful purpose and we would not be justified in so doing.

Finding no error, the judgment is affirmed.

NOTE—Reported in 51 N. E. (2d) 83.

## ON PETITION FOR REHEARING

DRAPER, J.—In their petition for rehearing the appellants insist that the appellee Lambert elected to and did receive and retain a benefit under the will with full knowledge of the mental condition of the testatrix at

the time the will was executed, and he is therefore estopped to contest the will regardless of all else. They rely largely upon the case of *Hight* v. *Carr* (1916), 185 Ind. 39, 112 N. E. 881, and also cite other cases in which it has been said that one who accepts and retains a legacy under a will may be estopped to contest the validity of it, *Lee et al.* v. *Templeton, Guardian* (1881), 73 Ind. 315, *Floyd et al.* v. *Floyd et al.* (1883), 90 Ind. 130, if those facts are pleaded in defense of such an action brought alone by those having accepted and retained the legacy, *Long, Exr.* v. *Neal* (1921), 191 Ind. 118, 132 N. E. 252.

It must be remembered that we are dealing with a demurrer to the answers filed by appellants and that "where an estoppel is relied upon, it must be pleaded with particularity and precision, and nothing can be supplied by intendment, and, when there is ground for inference or intendment, it will be against, and not in favor of the estoppel." *Dudley et al.* v. *Pigg* (1898), 149 Ind. 363, 371, 48 N. E. 642.

In *Hight* v. *Carr, supra,* at p. 45 the court quotes Bigelow on Estopped as follows: " 'A party cannot occupy inconsistent positions; and where one has an election between several inconsistent courses of action, he will be confined to that which he first adopts. Any decisive act of the party, done with knowledge of his rights and of the facts, determines his election and works an estoppel.' " And the court further says: "Appellant was charged with knowledge of his legal rights and if, with actual knowledge of all material facts and circumstances surrounding the execution of the will and his subsequent action, he elected then to accept, as such, compensation for the legacy given him by such will, he is now estopped to deny the

validity of that instrument without first restoring the benefit received, unless his election has been induced by fraud, in which case he may rescind such election by restoring the benefits received." In that case, however, the pleading under consideration alleged the acceptance *and retention* of the benefit. The appellants, in the argument portion of their brief on petition for rehearing, say that the appellee Lambert "retains the benefit, keeps the property, never rescinds his action, . . . ," and if that language were included in the answers a different question might be presented, but we find no such allegations, nor any equivalent thereto, in their answers. The answers do allege that the appellant Morgan disposed of the property received by him before the commencement of this action, but are silent as to the disposition or retention of that received by Lambert.

The petition for rehearing is overruled.

NOTE—Reported in 51 N. E. (2d) 897.